## MARTIN a. KANOUSE.

*Supreme Court, First District*; *General Term, September*, 1855.

" OTHER AND FURTHER RELIEF."—PARTY.—APPEAL.

Where a motion to dissolve an injunction, " and for other and further relief." &c., was denied at special term, and the general term on appeal ordered a new defendant to be joined in the action,—*Held,* that this order was regular, being authorized by the prayer for other relief.

The provision of the Code (§ 325) authorizing *any party* affected, to appeal, embraces only such persons as are technically parties to the action ; or their representatives.

*It seems,* that where an order is made at special term, pronouncing an answer frivolous, and proceeding to declare the appropriate judgment upon the case, appeal should be taken from the judgment, and not from the order.

Motion to dismiss an appeal.

For the facts out of which this action arose, see Ante, 327, 330.

The appellant *Garr*, in person, in opposition to the motion. I. A. S. Garr being a defendant in the action, (though the plaintiff wrongfully refused to recognize and treat him as such) and being aggrieved by the order, had a right to appeal from it. (*Code*, § 325 ; Maltison *v.* Jones, 9 *How. Pr. R.*, 152.)

II. This appeal was not vitiated by Kanouse's being joined in it *pro forma*. ( *Voorhies' Code*, 4*th* ed. 513, *note g.*)

III. The order staying Kanouse's proceedings is applicable only to the then existing suit, and not to the appeal, which is a *new* action. (Kanouse *v.* Martin, 2 *Sandf.* 739, 741. *Tidd's Pr.* 3*d Lond.* 1*st Am.* ed., 1065 ; Lapeons *v.* Hart, 9 *How. Pr.* 541.)

IV. An appeal is a substitute for a writ of error which is writ of right. A court cannot take away the right of appeal from its decision given by statute. (*Code*, § 323 ; Morgan *v.* Bruce, 1 *Code Rep. N. S.*, 364 ; Van Antwerp *v.* Newman, 4 *Cowen*, 82 ; Scott *v.* Craig, 1 *Wend.*, 35.)

V. The appeal from the order for judgment was rightly

taken under section 349 of the Code. (Western Railroad Co. *v.* Kortright, 10 *How. Pr. R.*, 457; Gould *v.* Carpenter, 7 *Ib.*, 97; Roberts *v.* Clark, 10 *Ib.*, 451.)

VI. When the appeal was taken on the 15th of May, judgment had not been entered in the cause. The filing of certain papers by the plaintiff on the 11th of May, and his calling them a judgment roll, did not amount to a judgment. 1. "A judgment is the final determination of the rights of the *parties* in the action;" (*Code*, § 245,) but the pretended judgment professed to determine only the rights of the plaintiff and of Kanouse, and not those of Garr, who had two months previously been made a party defendant. (Jacques *v.* Greenwood, 1 *Abbott*, 230.) 2. This was not a case in which a judgment against one of several defendants was authorized by section 274 of the Code. (Fullerton *v.* Taylor, 6 *How. Pr. R.*, 259; *Voorhies*, *Code*, 4 *ed.*, 406.) 3: The judgment was not entered in the judgment-book, as was necessary before a judgment-roll could be filed and judgment perfected. (*Code*, §§ 280, 281; Schenectady & Saratoga Plank Road Co. *v.* Thatcher, 6 *How.*, *Pr. R.*, 226.) 4. The papers attached together and filed on the 11th of May, did not constitute a judgment-roll, as there were wanting the summons and the order of the general term of March 12th. Nor did they purport to be a judgment-roll in the suit of Martin against *Kanouse and Garr*.

VII. Security on the appeal was not necessary, (*Code*, § 327, 348.) Section 334 applies exclusively to appeals to the Court of Appeals. (Tan Broeck *v.* Hudson River Rail Road, 7 *How. Pr. R.*, 137.)

MITCHELL, J.—Martin obtained by assignment a judgment against Kanouse, and then commenced his action to offset that judgment against one or more other judgments which Kanouse had obtained against him for costs; and he obtained an injunction to prevent Kanouse from collecting his judgment. Garr, the attorney of Kanouse in the actions in which judgments were obtained by Kanouse, claimed that the judgments being for costs only, belonged to him, and applied to the special term to dissolve the injunction and for other and further and other relief. His motion was denied and he appealed to the general

term, when the order below was modified on the 12th of March last, by directing Martin to make Garr a party defendant with Kanouse in the action.

Martin now moves to vacate that order as irregular, under the idea that nothing was before the General Term to authorize such an order. That idea was founded on the mistaken supposition that the only motion by Garr was to dissolve the injunction, when in fact it was also for other relief. As the general term considered that the facts proved made it proper to add Garr as a party, it could grant that relief, as the special term might have done under the prayer for other relief. The order was regular, and the present motion must be denied with costs.

Kanouse had put in a demurrer and answer to the complaint in this action. The demurrer was overruled as frivolous, and afterwards an order was made, May 5, at special term, for judgment for the plaintiff on the answer as frivolous, and that the offset prayed for in the complaint be allowed.

On May 11, the plaintiff made up a judgment-roll founded on these orders and filed it, but he did not annex either the summons or complaint at that time, nor was any annexed until on or after June 12, 1855, when he made an affidavit that the original summons and complaint had been left with one of the judges of the court, and could not be found, and on that he obtained an order that the copies be used instead of the original. The entry of the judgment-roll, thus imperfectly made out, was not made in the clerk's book of judgments until May 18. On May 15, Garr and Kanouse, both in one notice of appeal, but by separate attorneys, appealed from the judgment.

Martin makes two motions to set aside the appeals. First, because Garr has no right to appeal. The Code (§ 325), allows any party affected by a judgment or order to appeal. This is a technical term, and means a *party* to the record or his representatives, not any *person* who may deem himself aggrieved, when he is no party to the suit. The appeal by Garr is therefore dismissed, and as costs are given on the other motion, they should be given in this, but for the reason that Mr. Martin has caused the present embarrassment by refusing to comply with the order of the general term, and proceeding in his action

without making Garr a party as he was directed. On one proceeding Martin got an order that Kanouse pay ten dollars costs, and that all his proceedings be stayed until that sum be paid. This order was not made on a motion to stay proceedings, and if regular would not prevent the defendant from appealing.

Another ground alleged for dismissing the appeal by Kanouse, is that the appeal is from the order of the judge pronouncing the answer frivolous, and not from the judgment entered on that order, and is without security for costs. There is one decision at general term sanctioning the defendant's course when the order against the answer is made at chambers; and for that and other reasons already alluded to, it is not deemed expedient to resort to the summary proceeding of absolutely dismissing the appeal, although our impression is strong that the appeal should be from the judgment, as the order was made at special term, and not only pronounced the answer frivolous, but proceeded also to declare the appropriate judgment on the whole case. At all events, it is proper that the defendant file security for costs. If he do so, the motion to dismiss the appeal is denied without costs.

If the judgment were irregular and erroneous because the summons and complaint were not annexed to the judgment-roll, that did not give a right to the defendant to treat the judgment-roll as no judgment, and so appeal from the order only. It was a judgment entered, although irregularly entered and erroneous.