## SUPREME COURT.

### SAMUEL W. WRIGHT agt. JACOB SANDERS.

Where a referee in his report upon the issues tried before him, omits to state any *findings of fact*, the report and judgment entered thereon, and all subsequent proceedings are *irregular*.

And unless the defeated party chooses to waive the irregularity, he is entitled to have the judgment set aside, and to require that the referee in the first instance report the facts and the conclusions of law found by him.

*Oswego Special Term, February*, 1865.

MOTION on the part of the defendant to set aside report of referee in favor of the plaintiff, and the judgment entered thereon, and subsequent proceedings, on the ground of irregularity.

H. LINK, *for motion.*

HARDIN & BURROWS, *contra.*

FOSTER, J. The action was brought to recover for an injury sustained by the plaintiff, by falling in the night time, into a post hole which had been made on the lands of the defendant, or on the line of the road in front thereof, and a general denial, and various alleged defences were interposed on the part of the defendant. The issues were tried before a sole referee, who reported that "the plaintiff was entitled to recover against the defendant the sum of $200 damages, as alleged in the complaint." And he ordered judgment accordingly, with costs, but he did not report any findings of fact, nor any conclusions of law, except as above set forth. Upon this report the plaintiff entered a judgment, and the defendant now moves to set aside the report, judgment and subsequent proceedings, for irregularity, but does not ask for costs of the motion.

The Code of Procedure as amended in 1851, directs that the referee "must state the facts found and the conclusions of law separately," and that "the report of the referee

upon the whole issue, shall stand as the decision of the court, and judgment may be entered thereon," &c. This language is too clear and explicit, as well as mandatory, to leave any doubt that it is the duty of the referee to report the facts found by him, and it is equally manifest that the legislature intended that such findings should form part of the judgment roll. It is true that the party against whom such a report is made, may waive the irregularity, and appeal from the judgment entered thereon, and may obtain the findings of the referee upon the settlement of the case made by him on the appeal, or the court on appeal in such case may hear the appeal, though no findings appear (*Snook* agt. *Fries*, 19 *Barb.* 313).

It is also true that where the referee finds the facts and conclusions of law separately, the judgment entered thereon is not irregular, although the findings do not contain all that they should do to present the true state of the case; and in such case the party desiring to do so may obtain the further findings in the way above pointed out. (*Dana* agt. *Howe*, 3 *Kern.* 306; *Johnson* agt. *Whitlock*, 3 *Kern.* 344, 348.) But where there are no findings of facts, unless the defeated party chooses to waive the irregularity, he is entitled to have the judgment set aside, and to require that the referee in the first instance report the facts and conclusions of law found by him. (*Church* agt. *Erben*, 4 *Sandf.* 691; *Van Steenburgh* agt. *Hoffman*, 6 *How. Pr. Rep.* 492; *Dake* agt. *Peck*, 1 *Code Rep.* 54; *Denny* agt. *Post*, 1 *Code Rep.* 121.)

The report and judgment are irregular, and must be set aside, with all the subsequent proceedings on the part of the plaintiff. And the referee upon the proofs and allegations already made and taken before him, must make a new report, stating all the material facts found by him, with his conclusions of law separately.