Westbrook, J.
[After stating the facts.]—The first question which this motion presents is, Has this court, in the special proceedings pending before it for the purpose of distributing the effects of a dissolved corporation, power to enjoin the action ? It will be observed that the suit is against the court’s own officer, and the necessary and inevitable effect thereof is more or less to interfere with the action of the receiver. If a person molested a receiver in any Way other than by action, would it be seriously argued that the court could not restrain him ? If the answer to the question is favorable to the power of the court to interfere, then why may it not do so now ? It is an individual who is hampering and annoying the receiver in his trust, and the mode of annoyance does not alter the power of the court. The court for its own dignity will arrest and punish an interference with its receiver, and the mode and manner which the party has taken to interfere cannot take away the jurisdiction of the court. The plaintiff in the action has seen fit to interfere with a receiver duly appointed, by bringing an action in a locality and district distant from that in which such receiver was appointed, and having paid no attention himself to the rights or convenience of the receiver, he is in no situation to ask that protection should be sought in the district which he has chosen. This is not a case where an action is pending in one district and a suit is brought in another to restrain it, though even then the court could interfere in the latter district (Erie Railway Co. v. Ramsey, 45 N. Y. 637) ; it is rather analogous to the case of one pending in one district, and on a second suit being brought in another for the same purpose, the party who is thus sued moves in the first action to stay the second. The juris *298 .diction of the court in such a case is too undoubted to be questioned. The fact that a proceeding first instituted is not an action, eo nomine, makes no difference. It was something, whether it be called an action or special proceeding, which gave this court full power over the corporation and its assets, for the purpose of distribution in and by that proceeding ; and as a grant of power to do an act is also a grant of power to do every other act and thing necessary to be done in the progress of its accomplishment, it necessarily follows, as the court has power in this proceeding to distribute the assets of the dissolved corporation, it will enjoin and restrain any individual who seeks by a new and unnecessary action to deprive it of this power. The suit brought by Bies is in this (the supreme) court, and it would be a little singular if the court itself, which alone is interfered with, must speak in behalf of its own dignity and its own protection in the spot and locality which he has chosen and which he dictates, as the only one for it to assert its rights and its prerogatives.
Of the power, then, to enjoin this action, there can be no doubt; and we next inquire why should not the power be exercised % Of what possible use is the action % The statutes under which Mr. Pierson was appointed receiver are ample to protect all parties interested. Under them this court must and is proceeding to distribute. All its powers are in full and complete exercise, and whilst the legal machinery of the court requires no aid, a suit is brought for the ostensible purpose of giving assistance, when none is sought or required. It is brought, too, in the same court, which has already complete jurisdiction, and to which the suit can add nothing or from it subtract nothing. But the action is more objectionable, even, than we have stated. The supreme court is holding the property, through Mr. Pierson, its own receiver, *299 for the purpose, when it shall by its reference already ordered, ascertain who the creditors are, of directing “a distribution of its effects” (L. 1853, c. 463, § 17; L. 1869, c. 902, § 8), and an action has been brought in the same court against itself (for one against its receiver, who is acting under its orders, is one against the court), to quicken its action and to guide its judgment. The statement of the proposition is enough, without argument. No fraud, no collusion, wrong or negligence is imputed to the receiver, and if they were, the court can act on motive; but the simple and only aim of the action is declared to be to facilitate the receiver and court in the execution of their trust. I have been unable to see that either requires that aid, and as that action will necessarily hamper the court and receiver, and greatly increase the costs and expenses of the trust, the action must be enjoined.
There is another objection, also, to the maintenance of this action, which has not been stated. The act of 1853, under which Mr. Pierson was appointed receiver, by section 11, makes all companies formed under it subject to all the provisions of the Revised Statutes in relation to corporations, “ so far as the same are applicable, except in regard to annual statements, and other matters herein otherwise specially provided for.” This court, in Attorney-General v. Continental Life Insurance Company (53 How. Pr. 16), held, that a proceeding to wind up and dissolve a corporation, and distribute its effects, was specially provided for by the act, and that consequently no action could be maintained by a creditor or a stockholder under the Revised Statutes for a similar object. This decision, though made at special term, was acquiesced in by the parties affected by it, and has generally been regarded as sound by the profession. What a creditor or a stockholder could not do before the attorney-general and the court have acted under the statute of 1853, it surely *300 ought not to be allowed to do after such action ; and precisely this the suit brought aims to do, to wit, to ■distribute the effects of the corporation, whilst the court is, acting under the act aforesaid. Under the Revised Statutes, when an action had been brought to dissolve, and distribute the assets of an insolvent corporation, the remedy of every creditor was in that suit and proceeding only, and in the district in which the same was pending (Rinn v. Astor Fire Insurance Co., 59 N. Y. 143). Though the mode of procedure against the corporation may be changed, all other provisions, “ so far as the same are applicable,” remain unaltered and unaffected. The same provisions of the statutes and the same rules of equity which induced the court of appeals to hold as it did, in the case just cited, apply to the one before us. The plaintiff, in the suit •brought, and all other creditors, must seek their remedies in this proceeding and in the district in which it is pending. The law requires this, as well as the danger of a conflict of jurisdiction and needless additional expense and costs, and for this reason, also, the motion must be granted.
II. May, 1879. Appeal by intervenors.
After the receiver’s appointment, and on April 24, 1877, one Violetta A. Bedell, a policy-holder, petitioned the court to be permitted to intervene and appear by counsel in this proceeding for the protection of her interest, and the following order, omitting the formal parts, was granted:
*300 The order allowing the suit to be brought was imprudently granted, and one withdrawing the consent to bring it must be entered. It was the consent of this same court which was obtained, and it can properly be withdrawn by the same tribunal which granted it, though sitting now in another district (McArdle v. Barney, 50 How. Pr. 97).
There was no appeal.
“Ordered, that the firm of Barnes & Hanover be allowed to appear, either generally or specially, as attorneys for the petitioner, Violetta A. Bedell, and any persons similarly situated, who have or may choose to retain them; and that notices of all motions and all proceedings in court herein, on the part of the attorney-general, and on the part of Henry R. Pierson, receiver herein, be served upon the said firm of Barnes & Hanover, Staats Zeitung Building, Hew York, with liberty to said firm to appear in said motions and proceedings in court in behalf of the said Violetta A. Bedell, and such other person or persons as aforesaid, as they may be advised.”
The actuary appointed by the receiver in compliance with the requirements of Laws of 1869, chapter 902, section 8, made his report to the court and receiver, and a copy of such report was served upon Barnes & Hanover, with a notice that it would be presented to the court at a special term on Hovember 17, 1877, and an application made for instructions and directions upon the subjects embraced therein.
At the time of the hearing of the motion, Messrs. Barnes and Hanover, as attorneys for various policyholders, filed objections to the confirmation of the report, but the court, holding that it showed that the assets of the company were not sufficient to pay its liabilities, confirmed it.
Messrs. Barnes & Hanover then served a notice of appeal, stating “ that George Wolford and sundry other policy-holders in the defendant, The Horth America Life Insurance Company, hereby appeal to the general term,” &c. This notice was signed “ Barnes & Hanover, Attorneys for” quite a number of policyholders, not, however, including Violetta A. Bedell.
Upon the hearing of the aforesaid appeal, the counsel for the receiver raised the objection that the appellants were not parties to the proceeding, nor entitled to become such by substitution or otherwise, and the court, having sustained the objection, dismissed the appeal.
From the order entered thereupon, the attorney for the intervening policy-holders appealed to the court of appeals.
William Barnes (Barnes & Hanover, attorneys), for divers policy-holders, appellants.
Augustus BcTioonmaker, Jr., attorney-general.
B. W. Peckham, for the receiver,
cited, in support of general term decision (Tracy v. First Nat. Bank of Selma, 37 N. Y. 523 ; People ex rel. &c. v. Lynch, 54 Id. 681; Code of Pro. § 325 ; Code of Civ. Pro. §§ 1294, 1296; Martin v. Kanouse, 2 Abb. Pr. 390 ; Matter of Bristol, Id. 397; E. B. v. E. C. B., 28 Barb. 299 ; L. 1869, c. 902, §§ 7, 8 ; People ex rel. v. Security Life Ins. Co., 71 N. Y. 222).