SARAH DECKER, Respondent, *v.* HATTIE E. DECKER et al., Appellants.

The validity of a claim, upon which a judgment has been rendered, cannot be questioned in an action by the judgment-creditor to reach property alleged to have been transferred by the debtor in fraud of his creditors; the judgment is conclusive.

The fact that a transfer of a debtor's property, with intent to defraud his creditors, is accomplished through the agency of a valid judgment lawfully enforced, does not alter its fraudulent character or enable it to defy justice.

D. entered into an agreement with plaintiff, his wife, to pay her a stipulated annuity for her support and maintenance and gave his bond and a mortgage on certain real estate as security. Subsequently, for the purpose of defrauding the plaintiff, D. caused the mortgaged property to be sold on execution issued on a prior judgment and bid off by one J., under an arrangement that the latter should advance the purchase-money and hold the property for the benefit of D., who subsequently repaid the purchase-money. J. sold part of the land so purchased and received a mortgage for a portion of the purchase-price. This, by the direction of D., he assigned, without consideration to defendant H. who had knowledge of the fraud, and also deeded to her the balance of the property. Plaintiff obtained several judgments against D. for installments of annuity not paid, and after returns of executions issued thereon unsatisfied, brought this action in the nature of a creditor's bill to reach the property so transferred to H. *Held*, that a judgment was proper adjudging plaintiff's mortgage to be a lien on the premises so conveyed to H., and directing a foreclosure sale; also, directing a judgment against H. for any deficiency not exceeding the amount of the bond and mortgage so assigned to her.

It was claimed on appeal that the representatives of J., who died before the commencement of the action, should have been made parties. *Held*, that if there was a defect of parties the objection should have been taken by demurrer or answer (Code Civil Pro. §§ 488, 494), and not having been so taken, was waived (§ 499).

The statute of limitations was pleaded as a defense. It was claimed by defendants that the purchase by J. left a resulting trust in favor of the creditors of D ; that this action was, in substance, one for the enforcement of the trust, and so was barred by the ten years limitation. *Held*, untenable; that no trust resulted, as the purchase by J. was on his own credit, and the transaction could only be assailed on the ground of fraud, and could only be barred by the lapse of six years after discovery of the fraud. (Code of Civil Pro. § 382.)

The report of the referee, before whom the action was tried, limited the personal liability of H. to the property fraudulently transferred to her or its proceeds. The judgment entered did not contain such limitation. *Held*, that the remedy was by motion to correct the judgment, not by appeal.

(Argued December 13, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 13, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was in the nature of a creditor's bill, to reach certain property alleged to have been transferred to defendant, Hattie Decker, in fraud of the creditors of defendant, Simon Decker.

It appeared in the case and the referee found substantially these facts: Prior to December 21, 1865, plaintiff had commenced an action against her husband, the defendant, Simon Decker, for a limited divorce on the ground of cruelty and ill-treatment. They on that date entered into an agreement whereby, in consideration that she would abandon said action and return and live with him, he agreed to and did execute a bond secured by mortgage, on certain real estate. The bond was conditioned substantially that if the obligor should again ill use his wife so that she should conclude again to leave him and should give him written notice to that effect, he would thereafter pay to her $600 per annum.

This bond was executed to Calvin Van Duzen as trustee for her, and was by him duly assigned to her under chapter 375 of the Laws of 1849. She lived with her husband for a time, when he again ill-used and ill-treated her so that she deemed and considered herself unsafe and left him and gave the notice required by the bond. On the 11th of December, 1867, two installments on the bond having fallen due, plaintiff brought an action therefor against Simon Decker, and upon the 5th of December, 1868, recovered a judgment against him thereon for $1,393.17. This judgment was sued over on the 12th of

February, 1881, and on the 14th of April, 1881, a new judgment was recovered thereon of $2,453.01. Upon the 11th of November, 1880, she brought an action to recover the balance due upon the bond not included in the first action, and upon the 12th of December, 1881, recovered a judgment thereon of $5,187.45. These judgments were docketed and executions duly issued thereon, which were returned unsatisfied before the commencement of this action. Upon November 9, 1867, the real estate covered by the mortgage was sold by virtue of an execution issued upon a judgment, the lien of which was prior to the mortgage to George W. Jackson, for $1,734. Upon the 1st day of July, 1869, a part of the property was sold by Jackson for $9,000. Jackson received cash $1,000, and a mortgage for $8,000 upon the property sold. The sale of this property to Jackson was only colorable, having been made with a fraudulent intent and to hinder, delay and defraud Decker's creditors, under an agreement between him and Simon Decker, that Jackson was to hold the legal title for the use and benefit of said Decker, and under the further agreement that said Jackson was to convey the same to any person to whom Decker might sell or direct the same to be conveyed, and the price and consideration was to enure to the benefit of said Decker. Decker paid to Jackson the amount of his bid. The sale of part of the premises as aforesaid, was with the consent of Decker, and the mortgage received by Jackson thereon, was to be held for the benefit of Decker.

The referee found that on August 29, 1869, this $8,000 mortgage was assigned and the balance of the property not sold was deeded to defendant, Hattie Decker, by Jackson, without consideration, fraudulently and with intent to hinder, delay and defraud the creditors of Decker, and that they were accepted by Hattie Decker with full knowledge of such fraudulent intent, and she participated therein.

Further facts appear in the opinion.

*J. McGuire* for appellant. The mortgage from Decker to Van Duzen dated December 21, 1865, for the purposes for

which it was given, and under the circumstances disclosed in this case is void, as being in contravention of public policy and without consideration. ( *Wren* v. *Bradley*, 2 De G. & Sm. 49 ; *Randall* v. *Randall*, 37 Mich. 563 ; *Hurley* v. *Westmeath*, 6 B. & C. 200 ; *Gee* v. *Thurlow*, 2 id. 547 ; *Proctor* v. *Robinson*, 35 Beav. 329 ; *Florentine* v. *Wilson*, Hill & D. 303 ; *People* v. *Murcein*, 8 Paige, 47, 68 ; 1 Bish. on Marriage and Divorce, § 637.) The judgment in this case being predicated wholely and exclusively upon an alleged fraud of one Jackson, perpetrated seventeen years ago, neither the action nor the judgment can be sustained without the presence of said Jackson as a party defendant to the action. (*Gray* v. *Schenck*, 4 N. Y. 460.) The statute of limitations is a full and perfect bar to the maintenance of this action. (Wood on Limitations of Actions, 588 ; *South Sea Co.* v. *Wymondsell*, 3 P. Wm. 143 ; *Sublette* v. *Tinney*, 9 Cal. 423 ; *Lott* v. *De Graffenreid*, 10 Rich. Eq. 346.) Knowledge acquired by an agent or attorney in the management or prosecution of the business of his principal in respect to such business is imputed to the principal, and the latter is charged constructively with notice of such knowledge. (2 Pomeroy on Eq. Jur. §§ 666–670 and notes ; *Taft* v. *Wright*, 2 T. & C. 614 ; 47 How. Pr. 1, affi'd 59 N. Y. 656 ; *Fairfield Sav. Bk.* v. *Chase*, 72 Me. 226 ; S. C. 39 Amer. R. 319 ; *Drake* v. *Barker*, 54 Verm. 372 : *Bierce* v. *Red Bluff*, 31 Cal. 160.) The plaintiff is also chargeable with such knowledge as may have been acquired by reasonable diligence. (Pomeroy Eq. Jur. §§ 666–670 ; 7 Wait's Actions and Defenses, 244 ; *Baker* v. *Bliss*, 39 N. Y. 70 ; *Espin* v. *Pemberton*, 3 De G. & J. 547 ; *Birdsell* v. *Russel*, 29 N. Y. 220 ; *Rogers* v. *Irves*, 8 N. H. 270.) An action to reach property held by Jackson and the defendant Harriet Decker is not a creditor's bill, but rather an action to enforce a pure *trust*. (*McCartney* v. *Bostwick*, 32 N. Y. 53 ; *Spicer* v. *Ayers*, 2 T. & C. 626 ; *Donovan* v. *Sheridan*, 37 Sup. Ct. R. 256 ; *Carr* v. *Thompson*, 87 N. Y. 160 ; Wood on Limitations, 115.) The deed from the sheriff to Jackson was executed by judicial and

statutory authority and cannot, in this collateral proceeding, be adjudged fraudulent and void, or its effect be annulled or superceded. (*Ex parte Elwood*, 1 Denio, 633; *Russell* v. *Allen*, 10 Paige, 249; *Ex parte Stevens*, 4 Cow. 133; *People* v. *Beebe*, 1 Barb. 379.) The referee has found the fact that the premises sold under the Lee judgment were purchased by Jackson under an agreement that he was to hold the title for the benefit of Decker, this rendered Jackson in such a case a trustee for Decker. (*Ryan* v. *Dox*, 34 N. Y. 307; *Brown* v. *Lynch*, 1 Paige, 147; *Carr* v. *Carr*, 52 N. Y. 251; *Cornell* v. *U. I. & E. R. R. Co.* 61 How. 184; *Guggenheimer* v. *Geiszler*, 81 N. Y. 293; Pom. on Spe. Perf. 206 and note; *Freelove* v. *Cole*, 31 Barb. 318; 41 N. Y. 619.) Where a party takes a conveyance of land upon which there is a mortgage, or it is declared that the conveyance is taken subject to a mortgage, such party is not liable for a deficiency arising upon a foreclosure of such mortgage. (*Mount* v. *Potts*, 23 N. J. Eq. 188; *Weed Sewing Mac. Co.* v. *Emerson*, 115 Mass. 554; *Collins* v. *Rowe*, 1 Abb. [N. C.] 97; *Smith* v. *Truslow*, 84 N. Y. 660; Jones on Mortgages, §§ 735, 1712.) The contract is wholly illegal and void. (1 Bish. on Div. § 637; *Durant* v. *Tiltie*, 7 Price, 577; *Hindley* v. *Westmeath*, 6 Barn. & Cress. 200.)

*Walter Lloyd Smith* for respondent. Judgment having been obtained against Simon Decker upon the bond in three several actions, he and his privies are bound. (*Carpenter* v. *Osborn*, 102 N. Y. 552; *Candee* v. *Lord*, 2 id. 269; *Hersey* v. *Benedict*, 15 Hun, 283.) A bond made after separation of husband and wife is valid. (*Calkins* v. *Long*, 22 Barb. 105, 106; *Nichols* v. *Palmer*, 5 Day, 47; *Page* v. *Trufant*, 2 Mass. 159; *Baker* v. *Barney*, 8 Johns. 73; 2 Kent's Com. [2d ed.] 161; *Dupree* v. *Rein*, 56 How. 228.) Even if they had not separated it would be valid. (*Allen* v. *Affleck*, 24 How. 380; *Carson* v. *Murray*, 3 Paige, 483; *Anderson* v. *Anderson*, 1 Edw. Ch. 380; *Champlin* v. *Champlin*, 1 Hoffm. Ch. 155; *Adams* v. *Adams*, 24 Hun, 401.) When husband and wife

have separated by mutual consent the wife's agreement to return is a good consideration for a promise by the husband. (*Dewey* v. *Durham*, 19 Week. Dig. 47; *Adams* v. *Adams*, 91 N. Y. 381; 2 Chambers, 238; *Nicholls* v. *Danvers*, 2 Vern. 671; 82 Ill. 67; *S. C.*, 25 Am. Rep. 295; *Stimson* v. *Wrigley*, 86 N. Y. 332; *Devhold* v. *Oppermun*, 4 N. Y. S. R. 514.) Inasmuch as the sale under the execution of the property covered by plaintiff's mortgage was collusive, fraudulent and void, plaintiff's mortgage remained in equity, at least, a lien upon the premises in the hands of Jackson. (*Gillette* v. *Bates*, 10 Abb. N. C. 88; *Williamson* v. *Williams*, 11 Lea. [Tenn.] 370.) Defendant, Hattie Decker, having received this mortgage of $8,000, impressed as it was with the equitable lien of the plaintiff's mortgage, and having converted it to her own use, is liable for the proceeds, and a personal judgment against her for the deficiency arising upon a sale of the Decker residence conveyed to her by Jackson is proper. (*Dewey* v. *Moyer*, 72 N. Y. 70; *Hammond* v. *Pennoch*, 61 id. 145; Perry on Trusts, § 170; *Vaughn* v. *Vandersteyen*, 2 Dewey, 363; *Jones* v. *Kearney*, 1 Dr. & War. 167; Story's Eq. Jur., §§ 1255, 1257; Bump on Fraudulent Conveyance, [3d ed.] 608–610; Wait on Fraud. Convey. and Cred. Bills, §§ 177, 178; *Williams* v. *Williams*, 11 Lea. [Tenn.] 370; *Fullerton* v. *Viall*, 42 How. 294; *Hale* v. *Omaha Nat. B'k*, 49 N. Y. 627; *Murtha* v. *Curley*, 90 id. 372; *S. C.*, 12 Abb. N. C. 12.) This is not a resulting trust under the statute because the consideration was not paid at the time of or before the sale. (*Niver* v. *Crane*, 98 N. Y. 40.) This action is not barred by the statute of limitations. (88 How. 333; 37 N. Y. 657; 47 id. 410; 41 id. 168; Code of Civ. Pro., § 382, subd. 5; id., § 91, subd. 6; *Gates* v. *Andrews*, 37 N. Y. 658; *Erickson* v. *Quinn*, 47 id. 410; *Carr* v. *Thompson*, 87 id. 160; *Hale* v. *Omaha Nat. B'k*, 49 id. 626; *Murtha* v. *Curley*, 90 id. 372; Wait on Fraud. Convey. 249; Bump on Fraud. Convey. 533; *Erickson* v. *Quinn*, 49 N. Y. 410.) Plaintiff need not aver in his complaint facts to avoid the statute of limitations. (Story's Eq. Pl., §§ 484, 503, 676,

680, 751, 878, note 1; *Sands* v. *St. John*, 36 Barb. 632; *Humbert* v. *Trinity Church*, 24 Wend. 586; *Van Hook* v. *Whitlock*, 4 Paige, 373; *Erickson* v. *Quinn*, 3 Lans. 305; *Esseltyn* v. *Weeks*, 2 Kern. 635.) Jackson's representatives were not necessary parties. (Code of Civ. Pro., § 452; Wait on Fraud. Convey., § 131; *Taft* v. *Wright*, 47 How. 1.) McGuire being Hattie Decker's attorney in the actual conduct of her case, his admission is her admission. (Stephen's Dig. Law of Ev., art. 17; *Holt* v. *Squire*, Ry. & Mo. 282; *College* v. *Horn*, 3 Bing. 119; *Truhy* v. *Seybert*, 12 Penn. St. 101; 2 Wharton on Ev., § 1185.)

FINCH, J. The validity of the contract by which, during the pendency of an action for a limited divorce, Simon Decker bound himself to his wife to pay a stipulated annuity to her for her support and maintenance, and gave his bond and mortgage to Van Dusen as security for the performance of that agreement, cannot in this action be questioned. The securities having been transferred to the plaintiff, she brought one or more actions upon them against Decker, and recovered. Their validity and that of the contract out of which they grew was directly involved in the recognition of plaintiff's alleged cause of action, and should then have been litigated if the question was intended to be raised. The judgments, therefore, are conclusive against Decker, and cannot be assailed in this action. (*Carpenter* v. *Osborn*, 102 N. Y. 552.) The executions issued to enforce them were returned unsatisfied; and the present action is a creditor's bill to reach property of the defendant Decker, alleged to have been fraudulently transferred to Hattie Decker, who succeeded the plaintiff as his wife. The process by which the fraud is said to have been accomplished was by utilizing for that purpose an honest judgment against Decker and the regular process of the court. One Alfred Lee had recovered a judgment against Simon Decker for nearly $1,000 in 1861, and some years before the plaintiff's mortgage was recorded. After that record Lee recovered a further judgment for costs

on appeal. Executions were issued on these judgments, and the land now in question sold at sheriff's sale and bid in by one George Jackson, who afterwards received the sheriff's deed. Jackson appears to have made the purchase on his own credit, but under a collusive and fraudulent arrangement with Simon Decker to take the title for his benefit, he furnishing the needed funds, and hold it as a cover and shield to ward off and defeat the claim of the plaintiff and the lien of the mortgage held by her. The finding of the referee was to that effect. The scheme was completed by a further transfer to the defendant, Hattie Decker, of substantially the whole of Simons' property.

It does not alter the character of this fraudulent arrangement, or enable it to defy justice, that it was accomplished through the agency of a valid judgment regularly enforced. That often may be made an effective agency in accomplishing beyond its own legitimate purpose a further result of fraud and dishonesty, and may even be selected as the suitable means by reason of its inherent character. The complaint here is not of the judgment, but of the use which was made of it. In truth, it was paid by Decker. If he had been the purchaser in form, as he was in fact, the transaction would have resulted in a payment and satisfaction of the Lee judgment and a preservation of the lien of the plaintiff's mortgage. But the legal title was kept in Jackson as a shield against creditors. He sold a part of the premises to Dunham, who gave back a purchase-money mortgage for $8,000, which Jackson assigned to the defendant, Hattie Decker. That she was a participant in and the beneficiary of the attempted fraud was quite fairly established, and judgment has gone against her for the foreclosure of the Van Dusen mortgage on the unsold parcel, and for a deficiency not exceeding the Dunham mortgage and interest. The further objections to that recovery appear to be three in number.

It is first claimed that the representatives of Jackson, who is dead, were necessary parties. If there was a defect of parties plaintiff or defendant, and such defect appeared on the

face of the complaint, the remedy was by demurrer. (Code, § 488.) If the defect does not appear on the face of the complaint the objection must be taken by the answer (§ 498), and is waived if not taken as prescribed. (§ 499.) The defect now asserted was not made ground of objection in either form and must be deemed to have been waived, if in fact it existed.

The Statute of Limitations was relied on as a defense and it is now argued that the purchase by Jackson left a resulting trust in the creditors of Simon Decker which they could enforce; that the present action is in substance one for such enforcement and was barred by the limitation of ten years. If the purchase by Jackson was on his own credit and in reliance upon an after reimbursement by Decker, as seems to have been the fact, no trust resulted and the title vested in Jackson. We so held in *Melville* v. *Crane* (98 N. Y. 40), in which case the reason of the rule and the authorities which support it were very fully stated. The transfer to Jackson could therefore be assailed only on the ground of fraud, and a creditor's bill to reach and follow the proceeds of the fraud in the hands of fraudulent beneficiaries was a proper and suitable remedy, and, I think, might have been chosen even if a trust had resulted. There would have been a choice of remedies. The action, therefore, was founded on fraud and came within section 382 of the Code of Civil Procedure. It was only barred by the lapse of six years from the discovery of the fraud, and the finding that it was not so discovered until within that period is sufficiently supported by the proofs.

It is further objected that the judgment for a deficiency against Hattie Decker is improper. She was liable for plaintiff's debt to the extent of the property fraudulently transferred to her and the proceeds of such as she herself had sold. The award of the referee limited her liability to such property and its proceeds. The judgment entered did not in terms conform to such direction, but the remedy was by motion to correct and settle it and make it conform to the decision. No such motion was made probably for the reason that the error was immaterial since the amount fraudulently received by

Hattie Decker, with the accrued interest, was greater than the deficiency to be recovered.

Other questions have been examined but without discovering any just reason for a reversal of the judgment. It should be affirmed, with costs.

All concur.

Judgment affirmed.