MARY KIEFER, as Administratrix, etc., Respondent, *v.* THE GRAND TRUNK RAILWAY COMPANY, Appellant.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

*Judgment.    Default.*—The power of the court to relieve a party against a judgment by default is inherent, is not dependent upon any statute, and is not limited by section 724 of the Code.

Appeal from an order of the Erie county special term made on the 14th day of May, 1887, opening a default which was taken against the plaintiff on the 29th day of November, 1887, by which a judgment, dismissing the plaintiff's complaint, with costs, was entered on the 15th day of December, 1887.  The notice of motion to open such default was made for the term of the court appointed for the 1st day of April, 1889.

*George F. Brownell*, for appellant.

*J. W. Russell*, for respondent.

MACOMBER, J.—The affidavits in behalf of the plaintiff, used upon the motion, were sufficient to enable the special term to grant the relief asked for, provided that there is no statutory limitation of the power of the court in the premises. The motion was made upwards of a year and three months after the default was taken.  Section 724 of the Code of Civil Procedure permits the court in its discretion upon proper terms, at any time within one year after notice thereof, to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable mistake.

It is argued by the counsel for the appellant, that this provision of the Code restricts the power of the court to relieve a party against a default unless the motion is made within one year from the time that the default is taken. There are, however, several decisions of the court of appeals which hold that the power of this court to relieve a party from a judgment so taken is not limited by this section of the Code, but that, in the exercise of its control over its judgments, the court may open a judgment upon the application of any one, for sufficient reason, in the furtherance of justice. This power is inherent in the court and is not dependent upon any statute, and the section of the Code above referred to does not circumscribe its powers. Ladd v. Stevenson, 112 N. Y. 325; Hatch et al. v. Central National Bank, 78 N. Y. 490; Vanderbilt v. Schreyer, 81 Id. 648.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., and DWIGHT, J., concur.