# FIRST DEPARTMENT

AT

# GENERAL TERM,

## January, 1891.

| 59 | 341 |
| 92 | 88 |

---

WALTER K. FREEMAN, Respondent, *v.* THE UNITED STATES ELECTRIC–LIGHT COMPANY, Appellant.

*Judgment upon the merits — entered upon a dismissal of the complaint.*

Where, on the trial of an action at circuit before a jury, it appears by the clerk's minutes that the complaint was dismissed, it is improper in the judgment-roll to provide in the *postea* that the defendant have judgment against the plaintiff, upon the issues in the action, dismissing the complaint upon the merits.

*Quære*, whether the court upon a jury trial has power to dismiss a complaint upon the merits.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of November, 1890, vacating and setting aside a judgment theretofore entered in the above-entitled action on June 3, 1890.

*John Notman*, for the appellant.

*Henry Yonge*, for the respondent.

VAN BRUNT, P. J.:

This action was tried at the circuit before a jury, and it appears from the clerk's minutes that the complaint therein was dismissed. Thereupon a judgment-roll was filed, the *postea* in which adjudged that the defendant have judgment against the plaintiff upon the

issues in this action, dismissing the complaint upon the merits. A motion was made to set aside this judgment as unwarranted, which was granted, and from the order thereupon entered this appeal is taken.

Without expressing any opinion upon the question as to when the court has power to dismiss a complaint upon the merits, in the disposition of this appeal it is sufficient to say that the clerk has no such power. There was no evidence before the clerk going to show that the court had ever dismissed the complaint upon the merits. The clerk of the circuit certified simply that the complaint had been dismissed ; and the clerk of the court, in entering the judgment seems to have evolved out of his own imagination the idea that the complaint had been dismissed upon the merits. Clearly, such a judicial function has no where in the Code been conferred upon the clerk. All that he could do in the making out of the *postea* to be contained in the judgment-roll was to follow the minutes to the effect that the complaint had been dismissed.

We think, therefore, that the order was right and should be affirmed, with ten dollars costs and disbursements.

