JEROME R. PETRIE, Respondent, v. THE TRUSTEES OF HAMILTON COLLEGE, Appellant.

*Judgment — a decision that a complaint be dismissed does not authorize a judgment dismissing it " on the merits" — purpose of the Code of Civil Procedure, § 1209 — power to send a case back to a referee.*

Section 1209 of the Code of Civil Procedure, declaring that a judgment dismissing the complaint is not a bar to a new action for the same cause, unless it expressly declares, or it appears by the judgment roll, that it was rendered upon the merits, was adopted for the purpose of applying the common-law rule to equitable actions.

Where the decision of a referee, to whom a case has been referred to hear and determine, directs " that the plaintiff's complaint should be dismissed, without costs," the clerk has no power to enter a judgment dismissing the complaint " on the merits," without costs.

Where such a judgment has been entered, the court has power either to eliminate from the judgment the words " on the merits" or it may in its discretion vacate the judgment entirely.

The court has no power, in such a situation, to send the case back to the referee with leave " to further report or to change his decision or direction for judgment and conclusion of law, so that the same shall express his precise or full intention with reference to dismissing the complaint upon the merits or not upon the merits."

Where a report is sent back to a referee to supply alleged omissions it should only be done to supply some merely technical or clerical omission, and not to reinvest the referee with judicial functions touching a case which has already been submitted for decision. And even when a case is sent back for such a purpose the necessity and propriety of such action should be clear.

APPEAL by the defendant, The Trustees of Hamilton College, from an order of the Supreme Court, made at the Onondaga Special

Term and entered in the office of the clerk of the county of Oneida on the 25th day of July, 1895, setting aside a judgment entered in the action and sending the case back to the referee upon whose report the said judgment was entered.

The order appealed from contained the following provision: " Ordered, that the judgment entered and docketed in this action on the 29th day of May, 1895, be and the same hereby is vacated and set aside, and that this cause be and the same hereby is referred back to said referee, William Kernan, Esq., with leave to further report or to change his decision or direction for judgment and conclusion of law, so that the same shall express his precise or full intention with reference to dismissing the complaint upon the merits, or not upon the merits, but without prejudice to a re-entry of judgment upon the corrected report to the same force and effect as if no judgment had heretofore been entered herein."

*C. D. & Seth C. Adams,* for the appellant.

*L. M. Martin,* for the respondent.

HARDIN, P. J. :

May 29, 1895, the referee, to whom this action had been referred to hear and determine it, made a report in which is found the following language : " Upon the evidence given upon the trial I find and decide that the plaintiff has failed to make out and maintain his alleged grounds and causes of action, or either of them, and that his complaint should be dismissed. * * * I, therefore, decide that the complaint of the plaintiff should be dismissed, without costs, and judgment is ordered accordingly." On the same day the defendant entered a judgment which contained the following language: " It is adjudged that the plaintiff's complaint in this action be, and the same hereby is, dismissed on the merits, without costs." Evidently it was the intention of the defendant when it caused to be inserted in the judgment the words " on the merits," to avail itself of the provision found in section 1209 of the Code of Civil Procedure. That section declares that a judgment dismissing the complaint " does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits." If those words, *i. e.,* "on

the merits," had been allowed to remain in the judgment, no question or doubt would remain as to the force and effect to be given to such judgment, as it was made to expressly declare, by the language used therein, that the judgment was "on the merits." It seems section 1209 was adopted for the purpose of applying the common-law rule to equitable actions. (*Wheeler* v. *Ruckman*, 51 N. Y. 391.) By an inspection of the complaint it is clear that this was an equitable action in which the plaintiff sought equitable relief. Inasmuch as those words were not found in the report of the referee there was no warrant for their insertion in the judgment, and it was, therefore, the right of the plaintiff to have those words striken from the judgment, or to have the judgment vacated, to the end that the judgment should conform to the decision of the referee.

In *Card* v. *Meincke* (70 Hun, 382; S. C., 54 N. Y. St. Repr. 285) it was held: "The clerk can only enter a judgment as directed by the decision filed, or upon a subsequent approval by the trial judge of the judgment proposed to be entered. Where the decision is simply that judgment be entered in favor of defendants and against plaintiff, an entry of judgment dismissing the complaint 'upon the merits' is erroneous." In that case a motion was made to amend the judgment by striking out the words "upon the merits." In the course of the opinion delivered it was said: "In the case at bar the decision filed contained no such explicit directions, and certainly did not state that any judgment should be entered dismissing the complaint in this action on the merits, whatever might have been the intention of the learned judge who tried the cause. We think, therefore, that the motion should have been granted, striking out from the judgment the words 'upon the merits.'" (See, also, *Freeman* v. *U. S. Electric Light Co.*, 59 Hun, 341.) Doubtless in the case before us the Special Term might have eliminated from the judgment the words "on the merits." It, however, had power to vacate and set aside the judgment. The "power of the court over its own judgments, and its habit to exercise it," were fully declared in *Hatch* v. *Central National Bank* (78 N. Y. 487). In the course of the opinion in that case it was said: "It is an inherent power and not limited in matters of substance by the sections of the Code." This court followed the doctrine of that case in *Underwood* v. *Sutcliffe* (21 Hun, 357) as will by a reference to the opinion of TALCOTT,

P. J., appear to have been explicitly stated. The power was again declared in *Kiefer* v. *Grand Trunk Railway Co.* (28 N. Y. St. Repr. 474) and again in *Ladd* v. *Stevenson* (112 N. Y. 325). It is correct practice where a judgment entered upon a referee's report is incorrect under it, to apply by a motion to have the judgment corrected. (*Decker* v. *Decker*, 108 N. Y. 128; *People ex rel. Oswald* v. *Goff*, 52 id. 434; *Kenney* v. *Apgar*, 93 id. 539.)

We must now consider the second branch of the order appealed from, which requires the cause to be referred back to the referee with leave to such referee to further report or to change his decision or direction for judgment and conclusion of law, so that the same shall express his precise or full intention with reference to dismissing the complaint upon the merits or not upon the merits.

In *McLean* v. *Stewart* (14 Hun, 472) this court held that after a decision had been made and filed in a cause a subsequent Special Term had no power, upon motion, to alter the judgment entered on such decision as to matters relating to the merits, and that such a change could only be made after a rehearing before the trial judge upon the case being sent back to him, or after a review by an appellate court. That case has been referred to with approval in *Rockwell* v. *Carpenter* (25 Hun, 532) and in *Rosa* v. *Jenkins* (31 id. 384) and in *Jones* v. *Jones* (71 id. 524). The practice of sending a case back to a referee for further findings has, in certain cases, been upheld.

In *Wright* v. *Sanders* (28 How. Pr. 395) the referee was ordered "upon the proofs and allegations already made and taken before him" to make a new report stating separately all the material facts found by him, with his conclusions of law. That practice seems to have been approved in *Carroll* v. *Staten Island Railroad Co.* (65 Barb. 33) and in *Rogers* v. *Wheeler* (52 N. Y. 262).

In *McLean* v. *Stewart* (*supra*), in the course of the opinion, it was intimated that where changes relating to the merits are sought upon a special motion they "should be allowed only after a rehearing before the trial judge upon the case being sent back to him." It is to be observed that the order appealed from does not provide an opportunity for the parties to again be heard before the referee. Again, it appears that on the 10th of June, 1895, plaintiff served exceptions to the referee's report, and that on the fourteenth of

June a notice of appeal from the judgment was served, together with an undertaking, and that the plaintiff commenced preparing a case to be used in connection with the appeal.

In *Gardiner* v. *Schwab* (34 Hun, 582) it was held that the "report of a referee cannot be sent back to him with instructions to make additional findings of facts or conclusions of law."

In *First National Bank* v. *Levy* (41 Hun, 461) the court followed *Gardiner* v. *Schwab* (*supra*), and in the course of the opinion, LANDON, J., said: "We think the practice of sending a report back to the referee to supply alleged omissions ought not to be encouraged, and if allowed in any case it should be only to supply some merely technical or clerical omission; not to reinvest that officer with judicial functions touching the case theretofore submitted for his decision. The necessity and propriety of such action should be clear." In accordance with that doctrine we are inclined to say that that part of the order which referred the case back to the referee should fall. No clear necessity for it was presented by the motion papers. (*Heath* v. *N. Y. B. L. B. Co.*, 146 N. Y. 260.) Besides, the plaintiff had taken an appeal from the judgment and had filed exceptions to the referee's report before the motion to require a further decision from the referee was noticed.

We think the order appealed from should be modified by striking therefrom so much as refers the cause back to the referee "with leave to further report, or to change his decision or direction for judgment and conclusion of law, so that the same shall express his precise or full intention with reference to dismissing the complaint upon the merits or not upon the merits," and as so modified should be affirmed, without costs of the appeal to either party.

MARTIN and MERWIN, JJ., concurred.

Order modified in accordance with the views stated in the opinion, and as modified affirmed, without costs to either party.