(16 Misc. Rep. 190.)

### DAWSON v. PARSONS et al.

(Supreme Court, Special Term, Albany County. February, 1896.)

1. JUDGMENT—RES JUDICATA—ORDER DENYING MOTION.
   While an order made on contested motion is not to be regarded as res judicata in the same sense as judgments, yet such orders should not be disregarded when the same question is raised again in the same action.

2. SAME—EFFECT OF APPEAL—MOTION TO GIVE EFFECT TO JUDGMENT.
   In proceedings for the distribution of partnership assets, where an appeal from a judgment fixing the rights of creditors is pending, a motion directing the receiver to make payments under such judgment will not be entertained.

3. APPEAL—PARTIES TO THE RECORD—NOTICE OF APPEAL.
   In proceedings for the distribution of partnership assets, a creditor who is allowed to intervene to prove his claim becomes a party to the record, though neither plaintiff nor defendant; and, on appeal from an order fixing the rights of creditors, he is entitled to notice.

4. SAME—TIME OF TAKING—NOTICE OF JUDGMENT.
   The time for appeal does not begin to run until a copy of the judgment and notice of entry has been served; and the party in whose favor a judgment was rendered cannot, in default of such service, maintain a claim that the time for appeal has expired.

Action by Anna I. Dawson, as trustee, etc., against John D. Parsons and others, for the appointment of a receiver, and accounting, settlement, and distribution of assets of a partnership. Certain creditors of the partnership were allowed to intervene and prove their claims. Judgment was rendered fixing the rights of the creditors, from which judgment an appeal was taken. Pending appeal, certain creditors moved the court for an order directing the receiver to make payments under the judgment. Denied.

For former report, see 31 N. Y. Supp. 78.

Frederick E. Wadhams and Eugene Burlingame, for moving creditors.

Edward J. Meegan and Jacob H. Clute, opposed.

CHESTER, J. I think this motion presents practically the same question as was passed upon in this case by the special term upon a former motion, where the court denied an application to direct the receiver to make certain payments under the judgment appealed from. It is true that the former motion was not made on behalf of creditors, but on behalf of one of the members of the firm of

Weed, Parsons & Co.; but in Mr. Justice Herrick's opinion, written on the denial of that motion, he says:

"While an appeal is pending from a judgment, * * * it hardly seems to me the proper thing to direct the receiver to make any payments upon the judgment appealed from."

While an order made on a contested motion is not regarded by the courts as res adjudicata in the same sense as judgments, yet there is every reason why the court should not disregard such orders or decisions when called upon to pass upon substantially the same question at another time in the same action.

It is urged here, however, that the receiver should be directed to pay the moving creditors the amounts directed to be paid them by the judgment, notwithstanding the appeal, because the notice of appeal has not been served upon their attorneys; that the time to appeal as to them has expired; and that, for these reasons, their rights cannot be affected by the pending appeal. It is admitted that the interest of these creditors is adverse to that of the plaintiff, and that one purpose of the appeal is to secure a modification of the judgment, so that the plaintiff's interest in the funds in the hands of the receiver will not be lessened by the payment therefrom of any part of these claims. The plaintiff's theory is that the defendant Parsons is alone liable for the claims of these creditors, and that they should not be paid from the assets of the firm of Weed, Parsons & Co., in the hands of the receiver, as directed by the judgment. I think that these creditors are fairly to be regarded as parties to the record, although they do not formally stand as plaintiffs or defendants. They have been allowed by the order of reference to intervene and prove their claims before the referee; and having done so, and the judgment having fixed their respective rights, and determined what payments should be made to them, respectively, they have a standing in court, and are entitled to notice of appeal, if it is intended thereby to affect their rights. Attorney General v. North America Life Ins. Co., 77 N. Y. 297, 6 Abb. N. C. 293, and note on "Intervening," page 304; Travis v. Myers, 67 N. Y. 542; Kerr v. Blodgett, 48 N. Y. 62.

But I do not think that the time to appeal as to these creditors has expired. It was admitted upon the argument that their attorneys had never served the plaintiff's attorneys with a copy of the judgment and notice of entry. This being so, the creditors are hardly in a position to claim that the plaintiff's time to appeal has expired, for they have not yet set in motion the statute limiting the time to appeal as to them. Kilmer v. Hathorn, 78 N. Y. 228. If the creditors had not been allowed to intervene in the action as above stated, I think the notice of appeal served upon the attorney for the receiver would have been effective to bind the creditors, as the receiver stands in a sense as their representative. It may be that, until the question was raised on this motion, the plaintiff's attorney thought the notice to the receiver's attorney was sufficient as to the creditors; but, whether he did or not, there is nothing to indicate that the appeal has not been taken

in good faith; and, it not being too late to perfect it as to the creditors, this motion should not be granted. The motion is denied, with costs to the plaintiff, to be paid by the receiver out of the fund in his hands.

Motion denied, with costs payable out of fund.