servant met the plaintiff's vehicle, the jury might well have found that the defendant's driver should have passed plaintiff's vehicle at a distance sufficiently great to avoid any chance of the led horse colliding with the vehicle. In fact, from the number of reported cases in which accidents have arisen from this cause, and from our own observation, it would seem that there is generally danger of a led horse swerving, and the jury might find that it was the duty of one leading a horse through a village or city street to have this danger in mind, and to take care to avoid collisions from this cause. When the plaintiff saw the horses approaching, she sought to escape an accident by driving along the extreme right of the highway. Had the defendant's servant taken the same precaution, and gone well to his side of the road, which was clear of obstruction, the accident would not have happened. The judgment and order appealed from should be affirmed, with costs.

CROSS et al., Respondents, v. VAN NOSTRAND, Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Action by Marvin Cross and John H. Ireland, composing the firm of Cross, Austin & Co., against J. Wells Van Nostrand. No opinion. Motion to dismiss appeal granted, with $10 costs.

CUNNINGHAM, Respondent, v. LAKE SHORE & M. S. RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by James F. Cunningham against the Lake Shore & Michigan Southern Railway Company. No opinion. Order affirmed, with $10 costs and disbursements. See Petrie v. Trustees of Hamilton College, 92 Hun, 81, 36 N. Y. Supp. 636.

In re CURTISS' ESTATE. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) Judicial settlement of the accounts and of the proceedings of Frank Curtiss and Frederick De Billier, as executors of and trustees under the last will and testament of Abijah Curtiss, deceased, and their application for leave to resign as such executors and trustees. No opinion. Decree affirmed upon the opinions of the surrogate of Westchester county (37 N. Y. Supp. 586), with costs to all parties payable out of the estate. See 39 N. Y. Supp. 1123.

In re CURTISS' ESTATE. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Judicial settlement of the accounts and of the proceedings of Frank Curtiss and Frederick De Billier, as executors of and trustees under the last will and testament of Abijah Curtiss, deceased. No opinion. Order resettled and order signed. See supra.

In re DANNER. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) In the matter of the application of Harry R. Danner. No opinion. The applicant's papers are defective, in that they fail to show that he is either a citizen of the United States or a resident of the Second judicial department. This proof may be supplied.

DAVIS, Appellant, v. ABRAHAM, Respondent. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Sarah Davis against Anna P. V. R. Abraham. No opinion. Judgment affirmed, with costs. All concur.

DAVIS v. CORNUE. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Erwin Davis against Ellen S. Cornue. No opinion. Motion granted. See 37 N. Y. Supp. 788.

DAWSON, Appellant, v. PARSONS et al., Respondents. (Supreme Court, Appellate Division, Third Department. December 8, 1896.) Action by Annie I. Dawson, as trustee, etc., against John D. Parsons and others. No opinion. Judgment modified by deducting from the debit balance charged against the interest of George Dawson, deceased, the sum of $400, and, as thus modified, affirmed, with costs. All concur. See 31 N. Y. Supp. 78, and 38 N. Y. Supp. 1000.

DEGAN, Appellant, v. HERRINGTON et al., Respondents. (Supreme Court, Appellate Division, Third Department. December 8, 1896.) Action by William Degan against Henry J. Herrington and another. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

In re DE LONG. (Supreme Court, Appellate Division, First Department. October 23, 1896.) In the matter of the application to punish Oscar A. De Long for contempt of court. See 41 N. Y. Supp. 201. E. Wetmore, for the motion. Stern & Rushmore, opposed.

PER CURIAM. It appearing that the papers submitted by the appellant upon the settlement of the order entered upon the appeal herein, by some mistake, were not presented to the justice who entered the order, the motion for resettlement is granted, and the questions to be submitted upon the appeal to the court of appeals are settled as follows: First, whether Oscar A. De Long, who, at the time of the entry of the judgment or decree in this action, had been president of the defendant corporation, and practically the owner of the corporation, and who had actual knowledge of said judgment or decree at the time it was entered, and who had fraudulently loaned the use of his name to the corporation for the express purpose of engaging in an unfair and fraudulent competition with plaintiff, and which decree ran against the corporation, its clerks, servants, etc., was enjoined from continuing in his individual name the hook and eye business, and from adopting features common to the hook and eye business, such as carding, hooks, etc., and did he carry on such business after the decree in such a way as to constitute fraudulent competition, within the meaning of the decree. Second, whether the lending, by the said Oscar A. De Long, of his name to the said corporation, and the use of it by the