MARY WENDRING, as Administratrix, etc., of FRANK WENDRING, Deceased, Appellant, v. LOUIS & L. J. WHITE COMPANY and SIMONDS WARDEN WHITE COMPANY, Respondents.— Order reversed on the facts as matter of discretion, without costs, and motion granted on condition that plaintiff pay to defendants ten dollars costs of this motion.  Memorandum: Inasmuch as the memorandum of Justice Harris of April 9, 1935, and the letter of plaintiff's attorney of July 23, 1935, were written before March 3, 1936, when the decision of the Court of Appeals in *Schmidt* v. *Merchants Despatch Transportation Co.* (270 N. Y. 287) was made, plaintiff should be relieved of his attorney's acceptance of Justice Harris' memorandum (no order having been entered thereon before the date of this motion). We, therefore, exercise our discretion and grant plaintiff's motion to amend the complaint in respect to the allegation of a cause of action for breach of statutory obligations.  All concur.  (The order denies plaintiff's motion for leave to serve an amended complaint in a negligence action.)  Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

LOUISE KUHLBARSCH, on Behalf of Herself and all Other Creditors of PAUL KUHLBARSCH, Deceased, Respondent, v. ALMA ERNESTINE SAUTER, Appellant.— Order affirmed, with ten dollars costs and disbursements.  Memorandum: While the former action was between the same parties it did not involve the same issues. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.)  In this action it is necessary for plaintiff to prove that she was a creditor of her deceased husband and that his transfer of his real estate to defendant was for an inadequate consideration and made him insolvent.  In the former action these issues were not involved.  That was an action to set aside the same transfer on the ground that it was made for the purpose of defrauding plaintiff of her widow's rights under the Decedent Estate Law.  In that action plaintiff's status as a creditor and decedent's insolvency were not issues.  In this action she may prove that she was a creditor by reason of his having failed in his duty of support.  (*Decker* v. *Decker*, 108 N. Y. 128; *DeBrauwere* v. *DeBrauwere*, 203 id. 460.)  All concur.  (The order denies defendant's motion to dismiss the complaint in a creditor's action to set aside the transfer of realty.)  Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.