(10 App. Div. 40.)

### In re THOMPSON.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

RECEIVERS—LEVY ON ASSETS IN HANDS OF.

    Leave will be granted to levy an execution on assets in the hands of the receiver of the execution debtors appointed in an action to dissolve a partnership between them, where the partnership was solvent when the action for dissolution was commenced.

Appeal from special term, New York county.

Application by J. Walter Thompson, a judgment creditor of Schloss & Sons, for an order permitting a levy on assets of said Schloss & Sons in the hands of a receiver. The application was denied, and petitioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. C. Bryan, for appellant.
Eugene Van Schaick, receiver, in pro. per.

RUMSEY, J. On the 9th and 12th days of June, 1896, respectively, the petitioner, J. Walter Thompson, recovered judgments against Schloss & Sons, a firm doing business in this city, upon which executions were issued to the sheriff of the city and county of New York.

On the 20th day of April, 1896, an action was brought in this court by William Schloss, one of the firm, for a dissolution of the firm, and an accounting between the partners; and on the same day, upon the consent of all parties, Mr. Van Schaick was appointed receiver pendente lite, and soon after qualified and took possession of the property. In the complaint upon which the receiver was appointed, it is alleged that the partnership was entirely solvent at the time of the commencement of the action; and the receiver took possession of the property simply to hold it pendente lite until the court could make the judgment to which it should deem the parties to the action were entitled. Upon that state of affairs, Thompson, the judgment creditor, moved at the special term that the sheriff have leave to levy upon the assets of the partnership, that he might collect his judgment. The motion was denied, and from the order denying it this appeal is taken.

We are quite clear that the denial of this motion was erroneous. Thompson had regularly recovered judgment, and, by the issue of execution, had taken such steps as were necessary to subject the assets of the firm to the payment of his judgment. If no receiver had been appointed, it would have been the duty of the sheriff to make the levy, and thus proceed to collect his execution. It is quite true the appointment of a receiver affected that duty to some extent. After that had been done, and the property taken into possession of the court, it was no longer proper for him to make a levy upon the property, which had ceased to be in the possession of the judgment debtors, and had come within the protection of the court. But the appointment of the receiver, who took possession of the property pendente lite, in no way changed the title to the property. The title still remained in the partners, who had been the owners of it before the suit was begun. The receiver had no title, strictly speaking, but simply had the right to the possession of the property under direction of the court, until such time as the judgment in the action should make the disposition of it which the law required. The receiver was merely their agent. Keeney v. Insurance Co., 71 N. Y. 396, 401. While this is so, he was still an agent appointed by the court within the control of the court; and the property which he had taken into his possession could not be interfered with without permission of the court first given. If the partnership had been insolvent, there is no doubt that the court would not have permitted any creditor to levy upon the property for the purpose of securing a prior lien, but it would have held the assets to be divided equally among the creditors, because in such a case as that equality is equity. The reason is that, where the assets are not sufficient to pay all the debts, it would be manifestly unjust to permit any creditor, not having a lien by contract, to take sufficient of the assets to pay his own debt in full, and thereby deprive other creditors of the right to share pro rata in the property of the firm for the payment of their debts. But no such case is presented here. Here, as it is conceded, the firm is perfectly solvent, and able to pay all its debts. The property is held by the receiver simply for the convenience of the members of the firm, to enable them, at their leisure, to settle their matters between themselves. In such a case as that, it would be manifestly unjust to per-

mit the appointment of a receiver to be used as a means of denying to a creditor of the firm, who had secured a judgment in due course of law, the right to collect his debt. It would be allowing the judg- ment debtors, in effect, to use the power of the court to hinder and delay their creditors, and thus evade the payment of their just debts. The case of Holmes v. McDowell, 15 Hun, 585, is cited as authority for the order made in this proceeding. But the order in that case was put solely upon the ground that the firm was insolvent, and that it would be unjust to permit one person to acquire a lien upon the property to the prejudice of others equally deserving. See page 591.

The principal objection to this motion, however, is that it was not made in the action in which the receiver was appointed. Ordinarily, of course, it is better that motions of this kind should be made in the very action in which the receiver was appointed, and in which the court has taken possession of the fund. Where the parties are in- solvent, and the right to share in the property requires the marshaling of assets, it is necessary that the application should be made in the action in which the receiver was appointed, for there only is it prac- ticable to settle the rights of all parties who may be entitled to share in the fund. But there are no such rights to settle in this case. It is conceded that the property is amply sufficient to pay every debt, and that there will be a large surplus after that is done. All that is necessary here is that the receiver should have notice of the applica- tion, that he might come into court, and show any reason, if there were any, why it should not be granted. The parties to the action, the judgment debtors, had no right to notice. The receiver having had his day in court, and not being able to show any reason why he should be permitted to retain this property against a person who has been ad- judged to be a creditor of the firm, *the relief asked for should have been granted.

The order appealed from must be reversed, with $10 costs and dis- bursements, and the motion granted, with $10 costs, giving leave to the sheriff to levy, pursuant to his execution, upon the assets of the firm of Schloss & Sons in the hands of the receiver, precisely as though they were still in the possession of the judgment debtors. All con- cur.