(15 App. Div. 448.)

## MYERS v. MYERS et al.

### In re NEW YORK LIFE INSURANCE & TRUST CO.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

1. PARTNERSHIP—DISSOLUTION—RECEIVER.

   A receiver of a partnership appointed in a voluntary dissolution proceeding will not be permitted to interfere with an attachment creditor pursuing his remedy, if it appears either that the partnership is solvent, or that the appointment of the receiver was procured with fraudulent intent.

2. SAME—BURDEN OF PROOF—EVIDENCE OF INSOLVENCY.

   The burden on a creditor seeking to attach assets in the hands of the receiver of an insolvent partnership appointed in a voluntary dissolution proceeding, to show that the receiver was procured with fraudulent intent, is not sustained by evidence that the debt sued on was fraudulently contracted, or that real estate of the firm was conveyed by it to the wife of one of the members thereof, in satisfaction of an alleged indebtedness.

Appeal from special term, New York county.

Action by Samuel F. Myers against Marcus A. Myers and another to dissolve a partnership. Application of the New York Life Insurance & Trust Company for an order directing the receiver appointed in the dissolution proceedings to permit a levy on the partnership property. From an order denying the application (43 N. Y. Supp. 737), the insurance company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles E. Rushmore, for appellant.

B. F. Einstein, for receiver.

H. E. Rogers and F. A. Ward, for certain creditors.

RUMSEY, J. On the 13th day of August, 1896, the appellant here procured a warrant of attachment against the property of S F. Myers & Co., in an action commenced on that day. Upon the same day an action was begun by one of the members of the firm against the others, for a dissolution of the partnership and a distribution of its assets. In that action, Louis Clark, Jr., was appointed receiver, and, as such, he took possession of the assets of the firm. A motion was made at special term, by the appellant here, to require the receiver to deliver to the sheriff the leviable assets of the firm, upon the ground that, by the issue of the warrant of attachment, the appellant had acquired priority over the receiver; but that motion was denied, and thereupon the appellant moved before the special term for an order that the sheriff be permitted to levy his warrant of attachment upon those assets, in spite of the order appointing a receiver, and of the fact that the receiver had taken possession of the property of the firm. It has been settled by two recent adjudications of this court that the appointment of a receiver of a partnership, who had taken possession of the assets of the firm, and only for the convenience of the members of the firm, to enable them to settle their affairs between themselves at their leisure, is no answer to a motion of this character made on behalf of an execution creditor, if it appears that the firm

was solvent at the time when its property was put into the hands of a receiver. In re Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740; Schloss v. Schloss, 14 App. Div. 333, 43 N. Y. Supp. 788. Nor is it an answer to such an application that the firm was actually insolvent when the assets went into the hands of a receiver, if it shall be made to appear by the applying creditor that the appointment of the receiver was procured with the intent to hinder, delay, or defraud creditors, and not with the intent that all the assets of the firm should be actually devoted to the payment of its debts. Therefore, upon motions of this nature, there are two questions to be examined. The first is whether, at the time of the appointment of the receiver in an action for the dissolution of a partnership, the firm was actually insolvent, and, if it shall appear that it was so, then whether the applicant has shown that the receivership was made with fraudulent intent; and if that has not been made to appear, but, on the contrary, it is fairly to be inferred that the receivership was constituted solely with the intent to close up the business of the firm, and distribute its assets pro rata among its creditors, the motion will be denied, and the receiver will be left to dispose of the property, and divide the proceeds.

We have examined with care the proofs presented in this case as to the financial condition of the firm of S. F. Myers & Co., and are of the opinion that on the 13th day of August, 1896, and for some time before that, this firm had been in a state of hopeless insolvency. In fact, the appellant hardly denies the insolvency. The papers used by it upon procuring the warrant of attachment afford of themselves proof that such was the condition of the firm. While the warrant was procured solely upon the ground of the falsity of the statements made by Samuel F. Myers upon the faith of which the appellant was induced to purchase the paper in question, yet the facts which show the falsity of his statements as to the condition of his firm go far to establish, not only that he lied to the agent of the appellant about their condition, but that, in fact, that condition was one of absolute and hopeless insolvency at the time when he was representing that the assets of the firm were hundreds of thousands of dollars above their liabilities. Samuel F. Myers does not take the trouble to give any explanation or denial of the outrageous fraud which he practiced upon the appellant, nor is there any evidence produced to disprove the allegations of the appellant in that behalf. There is other evidence upon the subject which tends to show that the assets of the firm were very considerably below their liabilities, and that many of their debts were past due, and generally that the firm was in an embarrassed condition at the time when this receiver was appointed. Upon all the evidence, we agree with the conclusion reached by the learned justice below, that the firm of S. F. Myers & Co. was insolvent when this receiver was appointed.

But the appellant insists that, although the firm was insolvent, yet that it has been made to appear by the papers presented upon this motion that the receiver was appointed in pursuance of a design to hinder, delay, and defraud the creditors of the firm, and

that for that reason, within the decision in Schloss v. Schloss, supra, this motion should have been granted. In considering this question, it must be recollected that the fact that a certain member of the firm of S. F. Myers & Co. perpetrated an atrocious fraud upon the appellant shortly before the appointment of this receiver is not conclusive, if indeed it is any, evidence that the receivership was procured with a fraudulent intent. The fact of the perpetration of that fraud, not denied and not explained, warrants us in looking with great suspicion at the testimony of the witness who perpetrated it, and who so nonchalantly passes it by without explanation or denial. But of itself it does not establish that the subsequent act was done with a fraudulent intent. The same may be said of the conveyance of the real estate to the wife of Myers. While the evidence of the indebtedness of the firm to her stands solely upon the testimony of interested parties, and the transaction is one which an honest receiver would undoubtedly cause to be questioned before he finally accepts it as legitimate and honest, yet, upon the papers here, it cannot be said that its dishonesty is established.

Outside of these two facts, there is very little in the case which tends to show that the appointment of this receiver was procured for the purpose of delaying or defrauding creditors. The order for the receiver is in the usual form; the powers given to him are just such as would be given to a receiver appointed to close up the affairs of the partnership; and, so far as his acts under the receivership are disclosed, they appear to have been done for the sole purpose of disposing of the property to the best possible advantage, and carrying out his trust for the interests of all who are concerned. We think that the appellant, upon whom has been put the burden of showing that the appointment of this receiver was procured for the purpose of delaying or defrauding creditors of the firm, has failed to make the necessary proof to establish that fact. We have examined the testimony with care, and while we find that it discloses some acts of these partners which, in view of their record, as set out in the papers, should be closely scrutinized by the receiver before he allows so large a portion of their assets to go into the hands of their own family, yet we cannot disagree with the conclusion formed by the judge below that, upon the whole, the evidence that this receivership was not made with fraudulent intent is of greater weight than the evidence that it was so made.

For these reasons, we have concluded that the case is not brought within the exception in the cases above cited, and that the order must be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. I concur in the result, but I do not concur in the proposition that where a court of equity has taken the assets of an insolvent co-partnership, under an order or judgment by which such assets are to be divided equally among the creditors of

the co-partnership, and where, relying upon such order or judgment, the creditors have suspended proceedings against the co-partnership, the court is justified, because of any fraudulent intent in the minds of the original co-partners when they commenced the action and procured the appointment of a receiver, in allowing any one creditor, under the guise of enforcing a judgment or execution against the original debtors, to appropriate the whole of the co-partnership property, leaving the other creditors without a remedy, and with nothing to satisfy their claims. I think, when the court has once taken possession of property of an insolvent co-partnership, it is the duty of the court to administer such property for the benefit of all the creditors, irrespective of the motive or intention of the members of the co-partnership in commencing an action for a dissolution thereof, and for a distribution of their property among their legal creditors. The rights of the creditors are to be considered, rather than the motive of the debtors in applying for and obtaining an order or judgment which will result in an honest distribution of their assets to those legally entitled to them.