In the Matter of the Application of COMMERCIAL BANK for Leave to Sue ALBERT M. MILLS, as Receiver of the Property and Assets of ALFRED DOLGE and RUDOLF DOLGE, lately Copartners under the Firm Name and Style of ALFRED DOLGE & SON.

ALBERT M. MILLS, as Receiver, etc., Appellant; COMMERCIAL BANK, Respondent.

*Receiver — where a motion for leave to sue him should be made — appeal.*

A motion made by a creditor of an insolvent firm for leave to sue a receiver appointed in an action brought for the dissolution of the firm on the ground of its insolvency, is, in effect, a motion in the action in which the receiver was appointed, and must be made in the judicial district in which such action was brought or in the county adjoining the county in which the action was brought.

Where notice of such motion is given and the receiver is brought into court, even conceding that such application might have been made *ex parte*, the order made affects a substantial right and is appealable.

APPEAL by Albert M. Mills, as receiver of the property and assets of Alfred Dolge & Son, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of July, 1898, granting leave to the petitioner, the Commercial Bank, to sue him as such receiver.

Before April, 1898, Alfred Dolge and Rudolph Dolge were partners under the name of Alfred Dolge & Son, engaged in business at Dolgeville, in the county of Herkimer, State of New York, which county is within the fifth judicial district.

April 9, 1898, Rudolph Dolge began an action in the Supreme Court, the venue being laid in the county of Herkimer, against Alfred Dolge, for the dissolution of the firm on the ground of its insolvency, and demanded judgment that the partnership be dissolved and a receiver appointed therefor.

April 9, 1898, the summons and complaint in the action were served upon Alfred Dolge, and on April 11, 1898, at a Special Term of the Supreme Court held in the county of Herkimer, Albert M. Mills, of Little Falls, in that county, was appointed temporary receiver of said firm and entered upon the discharge of his duties.

May 2, 1898, at a Special Term held in the county of Oneida,

the defendant not having appeared in the action, a judgment was entered therein adjudging that the firm was insolvent; that it be dissolved for that cause, and that Albert M. Mills be appointed permanent receiver thereof, which judgment was entered upon the same day in the office of the clerk of the county of Herkimer, and thereupon said Albert M. Mills entered upon the discharge of his duties as permanent receiver.

Between May 31, 1898, and July 3, 1898, the Commercial Bank, a domestic corporation engaged in business at Rochester, New York, recovered five judgments against Alfred Dolge and Rudolf Dolge, aggregating $11,030.43, arising upon the indebtedness of Alfred Dolge & Son. Executions were issued on said judgments to the counties of Herkimer and New York, and are now outstanding, no property having been found in the possession of the defendants subject to levy and sale.

July 8, 1898, the Commercial Bank obtained and served an order returnable at a Special Term to be held July 11, 1898, in the county of Monroe, requiring the receiver to show cause why the bank should not have leave to bring an action against said receiver. The county of Monroe is within the seventh judicial district, and does not adjoin the county of Herkimer. On the return of the order the receiver appeared and contested the motion on the merits and on the ground that the application should have been made at a court held within the fifth judicial district, or in a county adjoining the county of Herkimer.

*John D. Kernan,* for the appellant.

*Horace McGuire,* for the respondent.

FOLLETT, J.:

Applications for orders affecting receivers are, in effect, motions in the action in which the receiver was appointed (*Rinn* v. *Astor Fire Ins. Co.*, 59 N. Y. 143; *Matter of Thompson*, 10 App. Div. 40; Sm. Rec. § 87), and the character of a motion is not changed by entitling the moving papers " In the Matter of, etc.," instead of in the action. An application made on notice for leave to sue a receiver must be made in the judicial district in which the action

wherein the receiver was appointed was brought, or in a county adjoining the county in which the action was brought. (Code Civ. Proc. § 769; *Rinn* v. *Astor Fire Ins. Co.*, *supra*; *Wilkinson* v. *North River Construction Co.*, 66 How. Pr. 423; *Attrill* v. *Rockaway Beach Improvement Co.*, 25 Hun, 376; *Attorney-General* v. *The North America Life Ins. Co.*, 6 Abb. N. C. 293.) The practice of applying for orders in such cases in districts remote from that in which the venue of the action is laid, in which the receiver was appointed, cannot be sanctioned, for it leads to great inconvenience and tends to promote conflicts between the courts of the different districts, which should be avoided. If a receiver can be controlled by the courts in a remote part of the State, there is nothing to prevent a motion being made in New York to control the action of a receiver appointed in Erie.

If it be conceded that leave to sue a receiver may be granted by the court on an *ex parte* motion, the case of the respondent is not helped, because it voluntarily gave notice of the motion and brought the receiver into court, and he was bound to resist the application or suffer default, and so lose his right to review the order. This order affects a substantial right, and though whether such an order should be granted rests largely in the discretion of the Special Term, yet the discretion of that court is subject to review by this court. (*Matter of Duff*, 10 Abb. Pr. [N. S.] 416.

The order appealed from should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs, but without prejudice to the right to make a new motion in the fifth judicial district for leave to sue. The motion to dismiss the appeal is denied, without costs.

All concurred, HARDIN, P. J., not sitting.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs, but without prejudice to the right to make a new motion in the fifth judicial district for leave to continue the action. Motion to dismiss appeal denied, without costs.