## LEVY v. STANION.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

CONTEMPT—EXPULSION OF RECEIVER.
    If one claiming under a chattel mortgage of a lease of premises and other property thereon puts out and excludes, with knowledge of the facts, a duly-appointed receiver thereof, who is in actual possession under the order appointing him, he is guilty of contempt of court, and upon contempt proceedings the court, instead of committing him to jail until he delivers back the property, may merely direct him to so deliver it.

Appeal from special term, New York county.

Action by Samuel Levy against Loyal Stanion. From an order adjudging the defendant and certain other persons who aided and abetted him in interfering with the receiver appointed in this action in contempt of court, and directing James D. Freeman and Robert J. Tracy forthwith to deliver to the reciever appointed in this action certain premises on Eighth avenue, in the city of New York, and also to turn over to such receiver the money which was taken by them or their agents from said premises on the evening of May 14th last, such persons appeal. Affirmed.

Argued before VAN BRUNT, P. J.; and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles W. Coleman, for respondent.
Gratz Nathan, for appellants.

INGRAHAM, J. It appears that the respondent, who made this motion, was duly appointed receiver in this action, which was brought

for the dissolution of the co-partnership of Stanion & Co., composed of the parties to this action. The business of which the respondent was appointed receiver was a saloon and hotel business at 331 Eighth avenue, in the city of New York. The receiver, having qualified, proceeded to this saloon and took possession of it. It does not seem to have been denied that the parties to this action were in possession of the saloon at the time of the appointment of the receiver, and that the receiver took possession under the order appointing him. After the receiver was thus in possession, Freeman, as representing one Everard, who claimed to be the owner of a chattel mortgage upon the lease and property, arrived, and put the representative of the receiver out, locked the door of the building, in which there was property belonging to the co-partnership, and which was claimed by Everard, and refused to allow the receiver to enter the premises. At the time the receiver took possession the property was in the possession of the co-partners; business was being carried on by them; a liquor license had been issued in their name; and the receiver actually took possession of the building and property, and continued in possession, under the order of the court. That all the parties who interfered with such possession and attempted to interfere with the receiver in possession of the property, whether claiming to own the property or not, were guilty of a contempt of court, is clear, and the court properly adjudged them in contempt. The portion of the order appealed from which directs these two persons, who were clearly guilty of contempt of court, to deliver the property which they had taken from the receiver instead of punishing them for their contempt, was authorized. The court, apparently satisfied that the appellant did not intend to disobey the order, instead of formally adjudicating that they were in contempt, with a commitment to the common jail of the county until they had delivered the property which they took from the possession of the receiver, ordered them to do now what it was their duty to do without an order. If Everard or his agents had wished to obtain from the receiver possession of this property, claiming title to it under a chattel mortgage, it was their duty to have applied to the court, and not have attempted to take possession of the property by force. These appellants understood that possession was then in the receiver, and that they took the property from him, and refused to deliver it back upon his demand. The allegation of these appellants that they did not intend any disobedience to the order of this court is somewhat strange, when they deliberately dispossessed a receiver acting under an order of the court, and refused to deliver back to him the property which had been in his possession. Their intention of obeying the order of the court can now be rendered effectual by obeying this order, and delivering the possession of this property to the receiver.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.