## In re COMMERCIAL BANK.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. RECEIVERS—LEAVE TO SUE—APPLICATION—VENUE.

An application for leave to sue a receiver is within Code Civ. Proc. § 769, providing that a motion upon notice in an action in the supreme court must be made within the judicial district in which the action is triable, or in a county adjoining that in which it is triable.

2. SAME—APPLICATION ON NOTICE.

Granting that leave to sue a receiver may be allowed on an ex parte motion, a person who made such a motion on notice was bound to comply with Code Civ. Proc. § 769, requiring motions on notice, in actions in the supreme court, to be made in the judicial district where the action is brought, or in a county adjoining the county where it is brought.

3. APPEAL—FINAL ORDER.

An order granting leave to sue a receiver, though largely in the discretion of the trial term, is an order affecting a substantial right, and is therefore appealable.

Appeal from special term.

Application by the Commercial Bank for leave to sue Alfred M. Mills as receiver. From an order granting leave, the receiver appeals. Reversed.

Before April, 1898, Alfred Dolge and Rudolph Dolge were partners, under the name of Alfred Dolge & Son, engaged in business at Dolgeville, in the county of Herkimer, state of New York, which county is within the Fifth judicial district. April 9, 1898, Rudolph Dolge began an action in the supreme court, the venue being laid in the county of Herkimer, against Alfred Dolge, for the dissolution of the firm, on the ground of its insolvency, and demanded judgment that the partnership be dissolved and a receiver appointed therefor. April 9, 1898, the summons and complaint in the action were served upon Alfred Dolge, and on April 11, 1898, at a special term of the supreme

court held in the county of Herkimer, Albert M. Mills, of Little Falls, in that county, was appointed temporary receiver of said firm, and entered upon the discharge of his duties. May 2, 1898, at a special term held in the county of Oneida, the defendant not having appeared in the action, a judgment was entered therein adjudging that the firm was insolvent, that it be dissolved for that cause, and that Albert M. Mills be appointed permanent receiver thereof; which judgment was entered upon the same day in the office of the clerk of the county of Herkimer, and thereupon said Albert M. Mills entered upon the discharge of his duties as permanent receiver. Between May 31, 1898, and July 3, 1898, the Commercial Bank, a domestic corporation engaged in business at Rochester, N. Y., recovered five judgments against Alfred Dolge and Rudolph Dolge, aggregating $11,030.43, arising upon the indebtedness of Alfred Dolge & Son. Executions were issued on said judgments to the counties of Herkimer and New York, and are now outstanding, no property having been found in the possession of the defendants subject to levy and sale. July 8, 1898, the Commercial Bank obtained and served an order, returnable at a special term to be held July 11, 1898, in the county of Monroe, requiring the receiver to show cause why the bank should not have leave to bring an action against said receiver. The county of Monroe is within the Seventh judicial district, and does not adjoin the county of Herkimer. On the return of the order the receiver appeared, and contested the motion on the merits, and on the ground that the application should have been made at a court held within the Fifth judicial district, or in a county adjoining the county of Herkimer.

Argued before FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

John D. Kernan, for appellant.

Horace McGuire, for respondent.

FOLLETT, J. Applications for orders affecting receivers are, in effect, motions in the action in which the receiver was appointed (Rinn v. Insurance Co., 59 N. Y. 143; In re Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740; Smith, Rec. § 87); and the character of a motion is not changed by entitling the moving papers, "In the Matter of," etc., instead of in the action. An application made on notice for leave to sue a receiver must be made in the judicial district in which the action wherein the receiver was appointed was brought, or in a county adjoining the county in which the action was brought. Code Civ. Proc. § 769; Rinn v. Insurance Co., supra; Wilkinson v. Construction Co., 66 How. Prac. 423; Attrill v. Improvement Co., 25 Hun, 376; Attorney General v. North America Ins. Co., 6 Abb. N. C. 293. The practice of applying for orders in such cases in districts remote from that in which the venue of the action is laid, in which the receiver was appointed, cannot be sanctioned; for it leads to great inconveniences, and tends to promote conflicts between the courts of the different districts, which should be avoided. If a receiver can be controlled by the courts in a remote part of the state, there is nothing to prevent a motion being made in New York to control the action of a receiver appointed in Erie. If it be conceded that leave to sue a receiver may be granted by the court on an ex parte motion, the case of the respondent is not helped, because it voluntarily gave notice of the motion, and brought the receiver into court, and he was bound to resist the application or suffer default, and so lose his right to review the order. This order affects a substantial right, and, though whether such an order should be granted rests largely in

the discretion of the special term, yet the discretion of that court is subject to review by this court. In re Duff, 10 Abb. Prac. (N. S.) 416.

The order appealed from should be reversed, with $10 costs and printing disbursements, and the motion denied, with $10 costs, but without prejudice to the right to make a new motion in the Fifth judicial district for leave to sue. The motion to dismiss the appeal is denied, without costs. All concur.