### LEVY v. STANION.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

CONTEMPT—FAILURE TO OBEY ORDER OF COURT.

Where persons claiming under a chattel mortgage of a lease of premises and other property put out and exclude a duly-appointed receiver thereof, who is in actual possession under the order appointing him, and, upon contempt proceedings, the court,—finding that they did not intend to disobey the order,—instead of punishing them for contempt, directs them to return the property and place the receiver in possession, their failure to obey the last order amounts to a contempt of court.

Appeal from special term.

Action by Samuel Levy against Loyal Stanion to dissolve a partnership and for an accounting. From an order denying his motion to punish certain parties for contempt, James J. Nealis, receiver, appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles W. Coleman, for appellant.
Gratz Nathan, for respondents.

McLAUGHLIN, J.   This action was brought for the dissolution
of the firm of Stanion & Co., composed of the parties to this action.
The appellant, James J. Nealis, was appointed receiver of the prop-
erty and effects of the firm during the pendency of the action; and,
having qualified, he took possession of the assets, which consisted
of a liquor saloon located at 831 Eighth avenue in the city of New
York, a liquor-tax certificate, and stock, fixtures, etc., therein.   After
he had taken possession, the respondents Tracy and Freeman, acting
in concert with one Greenthal and the defendant Stanion, under the
direction of or representing one Everard, who claimed to be the
owner of a chattel mortgage covering the property, or some portion
of it, including the lease of the saloon, forcibly took the property from
the receiver, put him out of the saloon, and locked the doors.   The
receiver thereupon applied to the court to punish Greenthal, Stanion,
and these respondents for a contempt of court.   Greenthal and Stan-
ion were adjudged guilty of contempt and fined, and the respondents
Tracy and Freeman, while not adjudged guilty of contempt, were
directed to "forthwith deliver to James J. Nealis, receiver, the license
formerly belonging to the defendant Loyal Stanion, and also to put
the said receiver in possession of the leased premises, No. 831 Eighth
avenue, in the same condition in which they were on May 14th last;
that they also turn over to such receiver the money which was taken
by them or their agent from said premises on the evening of May
14th last; that they also account to him for any property which may
have been taken from said premises since that time." Tracy and Free-
man appealed from this order, but the same was affirmed by this court.
Levy v. Stanion, 33 App. Div. 632, 53 N. Y. Supp. 473.   Mr. Justice
Ingraham, delivering the opinion affirming the order, said:

"The portion of the order appealed from which directs these two persons,
who were clearly guilty of. contempt of court, to deliver the property which
they had taken from the receiver, instead of punishing them for their contempt,
was authorized.   The court, apparently satisfied that the appellants did not in-
tend to disobey the order, instead of formally adjudicating that they were in
contempt, with a commitment to the common jail of the county until they had
delivered the property which they took from the possession of the receiver,
ordered them to do now what it was their duty to do without an order."

The respondents having failed in every respect to comply with the
order, the receiver again applied to the court to punish them for con-
tempt; and upon the hearing of the motion they sought to excuse
their neglect and refusal upon the ground that the receiver was not
entitled to the possession of the saloon or the liquor-tax certificate,
and that the keys to the store and the stock taken had been delivered
to Everard, and therefore they could not put the receiver into posses-
sion.   The court thereupon sent the matter to a referee, to take
proof and determine "whether or not the respondents had been guilty
of a contempt of court in refusing to obey the aforesaid orders,
*   *   *   and, if so, what damages had been occasioned to the re-
ceiver thereby."   Several hearings were had before the referee, at
the conclusion of which he made a report that in his opinion the re-

spondents were guilty of contempt of court, and that by reason of their action the receiver had sustained damages to the amount of $780. The receiver then moved to confirm the report and punish the respondents, which was denied, with $10 costs, and an order was made directing the receiver to pay the referee's fees, amounting to $110, stenographer's fees, $30, and a counsel fee of $150. From this order the receiver has appealed.

The order must be reversed. It is difficult to perceive upon what theory the motion was denied. The testimony taken by the referee not only sustains his report that the respondents were guilty of contempt, but it shows a deliberate purpose on the part of the respondents to disregard the rights of the receiver and to disobey the order of the court. Both of the respondents admitted that they had not delivered the tax certificate to the receiver, that they had not put him in possession of the saloon, and that they had not turned over the money or the stock taken from the saloon. This stock, they showed, had been put in a warehouse; and their counsel, on the hearing, announced that the receiver could have it by paying the charges. The testimony not only showed this, but it also satisfactorily established that the respondents could have complied with the order if they had so desired, and that they were acting in collusion with Everard, who claimed to own the lease of the saloon and some of the property taken under the chattel mortgage referred to. They were clearly guilty of contempt of court, and should have been punished accordingly.

The order appealed from must be reversed, with $10 costs and disbursements, the motion to confirm the referee's report granted, with $10 costs, and the respondents are hereby adjudged to be guilty of a contempt of court, for which they are hereby fined the sum of $780, to be paid to the receiver within five days after service of a certified copy of this order personally upon them; and in default thereof they, and each of them, are committed to the common jail of the county, and stand committed until such fine be paid. All concur.