## PATTERSON v. PATTERSON.

(Circuit Court, S. D. New York. October 27, 1910.)

PARTNERSHIP (§ 325*)—RECEIVERS—CONSERVING ASSETS.

It is within the province of a court of equity, in a suit to wind up the business of a partnership formed to carry out a contract for the construction of a public work and to distribute its assets, to appoint receivers to complete the contract, shown to be for the benefit of the firm's creditors; and a creditor, who subsequently recovered judgment on his claim, will not be permitted to enforce his judgment by levy, where it would defeat

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the purpose of the receivership and be to the detriment of all other creditors.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 757–767; Dec. Dig. § 325.*]

In Equity. Suit by James W. Patterson, Jr., against John W. Patterson. On motion by John M. Murphy to vacate order appointing receivers, or to require receivers to pay his judgment against the firm of Patterson & Co. Motion denied.

Wm. H. Stayton, for complainant.
Arthur B. La Far, for defendant.

WARD, Circuit Judge. John M. Murphy, a judgment creditor of the firm of Patterson & Co., has obtained this order to show cause why an order heretofore made appointing receivers of that firm should not be vacated, or the receivers directed to pay his claim, or that he be permitted to issue execution against the receivers, or take any other steps necessary to collect it.

The partnership concerns only one contract, namely, for the construction of the Bull Hill tunnel of the Catskill Aqueduct. Owing to disputes between the partners as to the method to be followed in the construction, as well as to the firm's inability to meet its obligations in due course, application was made to this court to appoint receivers to wind up the business of the firm and distribute its assets among its creditors, and to that end to complete the contract. Affidavits were submitted showing that the contract could be completed in this way at a profit to the great benefit of the firm's creditors.

September 20th receivers were appointed, and directed to give notice to all creditors that a motion would be made to make the receivership permanent October 6th, the hearing of which motion was adjourned to October 10th, and on October 13th an order making the receivership permanent was entered.

September 20th Murphy recovered a judgment against the firm in the Municipal Court of the City of New York for $379.31, and October 13th he recovered a verdict for $720 in the Supreme Court of the State of New York, New York County. October 8th, without (so far as appears) knowledge of the proceedings in this court, he obtained a third party order from Mr. Justice O'Dwyer, of the City Court of the City of New York, for the examination of the City Trust Company, alleged to be a debtor of Patterson & Co. When the prior proceedings in this court were brought to the attention of Mr. Justice O'Dwyer, he, in the spirit of comity which is always exercised between courts, stayed further proceedings under the third party order until an application should be made to this court for an order permitting the examination to proceed. But the order of this court did not enjoin proceedings against the firm in personam, but only interference with its property in any way. If leave to proceed with the examination is still desired, an order may be submitted on notice.

It is no ground for vacating the receivership that the imminence of the Murphy claims was one of the considerations that moved the par-

ties to ask for it, even if that be true. The court interferes to avoid a race of diligence between creditors, which may destroy the value of an insolvent debtor's property and prevent him from paying all in full or ratably. Nothing done in this case is inconsistent with the authorities relied upon by Murphy's attorney, viz.: Scott v. Trust Co., 69 Fed. 17, 16 C. C. A. 358; Matter of Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740; Schloss v. Schloss, 14 App. Div. 333, 43 N. Y. Supp. 788.

The claimant should have had notice of the application to make the receivership permanent; but the affidavits explain that the receivers notified all creditors appearing on the books by mail, and all creditors by public advertisement, and that they had no knowledge of the claim. If he had appeared October 6th and 10th, and made the objections he now relies on, they would not have been sustained. For this reason, and because his claim is to be paid only out of profits, he has not been prejudiced.

The motion is denied.