## In re BRAUE.

### (Supreme Court, Appellate Term. April 12, 1911.)

RECEIVERS (§ 174*)—ACTIONS—PERMISSION—NOTICE TO RECEIVER.

　　Where a receiver is claiming that the chattel mortgage covering property in her possession is fraudulent, and has been authorized and directed to commence an action to have it adjudged void, it is error for the court, without notice to the receiver, and opportunity to show that her claim is made in good faith, and that the property should remain in the court's possession till litigation of the claim, to give permission to the mortgagee to take proceedings for foreclosure, including taking possession of the property.

　　[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. § 174.*]

Appeal from City Court of New York, Special Term.

In the matter of the application of John D. Braue, judgment creditor, in proceedings supplementary to execution on a judgment recovered by him, as plaintiff, against John J. Fogarty, judgment debtor, defendant. From an order denying the motion of Lucille Pugh, receiver of the judgment debtor, to vacate an order which granted permission to Anna G. Fogarty to take such legal proceedings as may be necessary for the purpose of foreclosing a chattel mortgage given by the judgment debtor, including taking possession of the property included, said receiver appeals. Reversed, and motion granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Tuttle & Coughlan (Jeremiah J. Coughlan, of counsel), for appellant.

Earley & Carstarphen (M. J. Earley, Frank E. Carstarphen, and N. Raymond Heater, of counsel), for respondent Fogarty.

LEHMAN, J. On the 14th day of December, 1910, an order was made appointing Lucille Pugh receiver of the property of John J. Fogarty. The receiver took possession of the property, including certain chattels covered by a chattel mortgage then past due. On January 6, 1911, the receiver was authorized and directed to commence an action to have this chattel mortgage adjudged fraudulent and void. On February 1, 1911, and before that action was commenced, the owner of the chattel mortgage applied to the court and obtained an order, without notice to the receiver, granting her "permission to take such legal proceedings as may be necessary for the purpose of foreclosing the chattel mortgage, including taking possession of the property described in such petition." Proceeding under such order, a marshal took the property from the possession of the receiver, and

the receiver moved to vacate the order. The justice, sitting in Special Term, denied this order, stating:

"I think the mortgagee in question was entitled to the possession of the mortgaged property at the time the disputed order was made, and irrespective thereof and of the claim of the receiver herein."

Conceding that the owner of the past-due mortgage was entitled to the possession of the chattels, there is no doubt that, if she had proceeded upon her claim without the permission of the court, and seized the chattels, taking them from the posssession of the receiver, acting as an officer of the court, she would have been guilty of a contempt of court. Levy v. Stanion, 33 App. Div. 632, 53 N. Y. Supp. 472; Noe v. Gibson, 7 Paige, 513. The only question for us to consider is whether this permission was properly granted.

The practice is well established that notice of application for leave to sue should be given to the receiver. Rumsey's Practice (2d Ed.) vol. 1, p. 132. See, also, Matter of Commercial Bank, 35 App. Div. 224, 54 N. Y. Supp. 722; Matter of Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740. It is true that neither of these cases decided that the failure to give such notice would constitute a jurisdictional defect; but it is not disputed that "whether such an order should be granted rests largely in the discretion of the Special Term, yet the discretion of that court is subject to review by this court." Matter of Commercial Bank, supra.

Without, therefore, deciding the question as to the jurisdiction of the court, it seems to me that the order should be reversed, because, where it appears that the receiver is making a claim that the mortgage is fraudulent, and that she has been authorized and directed to bring an action to have it adjudged void, the court should not grant leave to seize the property, without giving its officer an opportunity to show that her claim is made in good faith, and that the property should remain in the court's possession until the claim has been litigated in a proper tribunal.

Order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs, but with leave to renew the application on notice to the receiver. All concur.