In the Matter of the Application of JOHN D. BRAUE, Judgment Creditor, in Proceedings Supplementary to Execution upon a Judgment Recovered by Him as Plaintiff Against JOHN J. FOGARTY, Judgment Debtor, Defendant. LUCILLE PUGH, Receiver, Appellant.

(Supreme Court, Appellate Term, May, 1911.)

Receivers — Administration and management of the property — Actions by and against receivers — Application for leave to sue receiver — Notice to receiver.

   Where a receiver in supplementary proceedings is in possession of mortgaged chattels and claims that the mortgage is fraudulent and that she has been authorized and directed to bring an action to have it adjudged void, the court should not grant leave to seize the property without giving the receiver an opportunity to be heard.

APPEAL by Lucille Pugh, the receiver of the judgment debtor herein, from an order denying her motion to vacate

an order which granted permission to Anna G. Fogarty to take such legal proceedings as may be necessary for the purpose of foreclosing a certain chattel mortgage given by the judgment debtor, including taking possession of the property involved.

Tuttle & Coughlan (Jeremiah J. Coughlan, of counsel), for appellant.

Earley & Carstarphen (M. J. Earley, Frank E. Carstarphen and N. Raymond Heater, of counsel), for respondent Anna G. Fogarty.

LEHMAN, J. On the 14th day of December, 1910, an order was made appointing Lucille Pugh receiver of the property of John J. Fogarty. The receiver took possession of the property, including certain chattels covered by a chattel mortgage then past due. On January 6, 1911, the receiver was authorized and directed to commence an action to have this chattel mortgage adjudged fraudulent and void. On February 1, 1911, and before that action was commenced, the owner of the chattel mortgage applied to the court and obtained an order without notice to the receiver granting her " permission to take such legal proceedings as may be necessary for the purpose of foreclosing the chattel mortgage, including taking possession of the property described in such petition." Proceeding under such order a marshal took the property from the possession of the receiver and the receiver moved to vacate the order. The justice sitting in Special Term denied this order, stating: " I think the mortgagee in question was entitled to the possession of the mortgaged property at the time the disputed order was made and irrespective thereof and of the claim of the receiver herein."

Conceding that the owner of the past due mortgage was entitled to the possession of the chattels, there is no doubt that, if she had proceeded upon her claim without the permission of the court and seized the chattels, taking them from the possession of the receiver acting as an officer of the court, she would have been guilty of a contempt of court.

Levy .v. Stanion, 33 App. Div. 632; Noe v. Gibson, 7 Paige, 513. The only question for us to consider is whether this permission was properly granted.

The practice is well established that notice of application for leave to sue should be given to the receiver. 1 Rumsey Pr. (2d ed.) 132. See also Matter of Commercial Bank, 35 App. Div. 224; Matter of Thompson, 10 id. 40. It is true that neither of these cases decided that the failure to give such notice would constitute a jurisdictional defect, but it is not disputed that " whether such an order should be granted rests largely in the discretion of the Special Term, yet the discretion of that court is subject to review by this court." Matter of Commercial Bank, *supra*. Without, therefore, deciding the question as to the jurisdiction of the court, it seems to me that the order should be reversed because, where it appears that the receiver is making a claim that the mortgage is fraudulent and that she has been authorized and directed to bring an action to have it adjudged void, the court should not grant leave to seize the property without giving its officer an opportunity to show that her claim is made in good faith and that the property should remain in the court's possession until the claim has been litigated in a proper tribunal.

Order should be reversed, with ten dollars costs and disbursements and the motion to vacate granted, with ten dollars costs, but with leave to renew the application on notice to the receiver.

SEABURY and GERARD, JJ., concur.

Order reversed.