(155 App. Div. 525:)
### ABRAHAMS v. BENEKE (MECHANICS' BANK OF BROOKLYN, Intervener).

(Supreme Court, Appellate Division, First Department.   March 14, 1913.)

PARTNERSHIP (§ 340*)—DISSOLUTION—LEVY BY CREDITOR PENDENTE LITE.

In a suit by a partner to dissolve a solvent firm, wherein no attempt was made to settle the claims of creditors, and the litigation so far as appears may be continued indefinitely, a judgment creditor should be permitted to levy on its assets in the hands of receiver pendente lite with orders to convert them into cash, and hold the same until the further order of the court.

[Ed. Note.—For .other cases, see Partnership, Cent. Dig. §§ 803–808; Dec. Dig. § 340.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Julius A. Abrahams against William J. Beneke to dissolve a copartnership. From an order of the Special Term denying a motion for an order permitting the sheriff to levy on the copartnership assets in the hands of a receiver pendente lite, the Mechanics' Bank of Brooklyn, an intervener, appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Harry Cook, of New York City (Nathan April, of New York City, of counsel), for appellant.

Jesse S. Epstein, of New York City (William C. Rosenberg, of New York City, of counsel), for respondent.

CLARKE, J.   On January 2, 1913, the Mechanics' Bank of Brooklyn duly recovered a judgment against the copartnership of Verplanck & Co., constituted of William J. Beneke and Julius A. Abrahams, upon a promissory note dated July 31, 1909, due September 30, 1909, made by William J. Beneke to the order of Verplanck & Co. and indorsed by Verplanck Company, William J. Beneke, and Julius A. Abrahams. The amount of said judgment is $614.40. The defendants in said action, Julius A. Abrahams and William J. Beneke, were on the 6th of August, 1909, copartners in business under the firm name and style of Verplanck & Co. On August 6, 1909, Abrahams brought an action against Beneke for a dissolution of the partnership, not upon the ground of insolvency, but upon allegations showing that it was impossible for the two partners to do business together, that they were incompatible, and that, by reason of the defendant Beneke's methods of treating his employés, the business of the firm could not continue.

In an affidavit submitted by Abrahams at that time he averred that the assets of Verplanck & Co. were $8,000, against which he estimated liabilities of about $2,800, leaving $5,200 worth of assets over and above all liabilities. By an order entered on the 16th of August, 1909, in the said suit, Anthony J. Griffin was appointed receiver pendente lite of the copartnership assets. Said order provided that the said receiver should sell and dispose and convert into cash all of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assets of the said firm or copartnership, and hold the same subject to the further order of this court. Since the entry of said order no trial has been had, the litigation has not been terminated, and the receiver has filed no account. In a letter dated September 27, 1911, said receiver wrote to the attorney for the Mechanics' Bank that his total collections had been $2,047.12, the disbursements $457.73, leaving a balance of $1,589.39, and that as against this amount claims had been filed aggregating $2,385.52, exclusive of the claim of the bank.

Nothing further having been ascertained and no proceedings having been had in the partnership dissolution suit, the bank obtained judgment upon the note, and on the 7th of January, 1913, upon petition, moved for an order permitting the sheriff to levy upon the assets held by the receiver of the copartnership upon an execution issued upon the judgment obtained by it, and for a further order directing said receiver to pay over to said sheriff the amount of said judgment. Upon said motion, the receiver filed an affidavit stating that he has now in his hands the sum of $1,589.39, subject, however, to administration expenses as well as his fees as receiver, and that the claims which have been filed with deponent as receiver aggregate the sum of $2,385.52. Whereupon the order denying the motion here appealed from was made.

It should be borne in mind that the original action for the dissolution of the partnership was not brought upon the ground of the insolvency thereof; on the contrary, the moving papers therein displayed a large surplus at the time of the application for a receiver, that receiver was appointed in the interests of the parties to the action, and not of the creditors of the firm; it was a receivership pendente lite; it has continued for three years and a half; there is no machinery provided for the filing of claims or the contest thereof as between claimants, or for the making of any motion in the suit because the creditors are not parties thereto; and there is nothing to prevent at any time a discontinuance of the action by consent of the parties thereto.

In Matter of Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740, it appeared, as it does in the case at bar, that in the papers upon which the receiver was appointed it was alleged that the partnership was entirely solvent at the time of the commencement of the action, and that the receiver took possession of the property simply to hold it pendente lite until the court could make the judgment to which it should deem the parties to the action were entitled. Upon that state of affairs a judgment creditor moved at the Special Term that the sheriff have leave to levy upon the assets of the partnership that he might collect his judgment. This court reversed the order denying that motion, and said:

"But the appointment of the receiver who took possession of the property pendente lite in no way changed the title to the property. The title still remained in the partners, who had been the owners of it before the suit was begun. The receiver had no title, strictly speaking, but simply had the right to the possession of the property, under direction of the court, until such time as the judgment in the action should make the disposition of it which the law required. The receiver was merely their agent. * * *

The property is held by the receiver simply for the convenience of the members of the firm, to enable them, at their leisure, to settle their matters between themselves. In such a case as that it would be manifestly unjust to permit the appointment of a receiver to be used as a means of denying to a creditor of the firm, who had secured a judgment in due course of law, the right to collect his debt. It would be allowing the judgment debtors, in effect, to use the power of the court to hinder and delay their creditors, and thus evade the payment of their just debts."

In Schloss v. Schloss, 14 App. Div. 333, 43 N. Y. Supp. 788, this court said:

"It was said in the case of Thompson, supra, that, if it had appeared that Schloss & Sons were insolvent, it would have been good ground for denying the motion. It was not thought necessary in that case to go further than to examine the facts bearing upon the question of insolvency, because the conclusion reached upon those facts required the reversal of the order of the Special Term. For that reason no examination was made of the question whether under all the circumstances the mere fact of insolvency would be sufficient to warrant the denial of a motion like this, and it must not be understood from what was said in that case that insolvency is always, and under all circumstances, a perfect defense to such a motion. If it can be seen in any given case that a receiver has been appointed in an action actually pending for the purpose of winding up the affairs of the concern as rapidly as may be, so that the creditors may as quickly as possible be paid that which they are entitled to, those facts might be sufficient to induce the court to refuse to grant such relief to a judgment creditor as is asked for here, however much the court might disapprove of the practice which puts failing estates in the hands of a receiver to distribute under the control of the court, rather than in the hands of an assignee for the benefit of creditors. But that is not this case. * * * If these parties were solvent, as it is fair to infer they held themselves out to be, then surely there was no reason why their debts should not be paid as they came due. If they were insolvent, as they claim, still there was no reason why they should be permitted to resort to the process of the court to hinder and delay their creditors in the collection of their debts, any more than they should be permitted to reach that end by any other device. The law forbids any transfer of property with intent to hinder or delay creditors, and it makes no difference whether that transfer is inter partes, or whether, for the purpose of giving it greater apparent weight, debtors resort by agreement to the courts, and stipulate for the entry of an order which shall have the same effect as any other fraudulent transfer. In all such cases the court will look beyond the form of the transaction and see what may be its necessary effect, and, if that is to accomplish an end which is not permitted, the court will not be a party to it, even though it might in the end, by indirect methods, accomplish a rude sort of justice. * * * For these reasons, even if we were satisfied, which we are not, that this firm was insolvent, we should not deem this a proper case to turn away a diligent creditor who seeks that which the law entitles him to have, so that it might be put in the power of the parties to hinder the payment of all the creditors so long as their own interest might seem to require."

In Myers v. Myers, 15 App. Div. 448, 44 N. Y. Supp. 513, this court said:

"It has been settled by two recent adjudications of this court that the appointment of a receiver of a partnership, who had taken possession of the assets of the firm, and only for the convenience of the members of the firm to enable them to settle their affairs between themselves at their leisure, is no answer to a motion of this character made on behalf of an execution creditor, if it appears that the firm was solvent at the time when its property was put in the hands of a receiver."

In the case at bar there is no dispute of the solvency of the partnership at the time of the appointment of the receiver. There is no explanation of the delay of three years and a half without any move in the litigation after the appointment of the receiver pendente lite. There is no statement of advertisement for claims or proof of the validity of the claims alleged to have been filed. The bank waited a year and a half after its inquiry of the receiver as to the condition of affairs before it took steps to reduce its debt to judgment. In the meanwhile nothing was done, and there is now no satisfactory explanation of past delay or promise or hope held out for the future. This unfinished litigation, with its receiver pendente lite, may be continued indefinitely without power in this judgment creditor, or any other creditor, to bring matters to a conclusion or to receive satisfaction either in full or pro rata. Such a situation is intolerable.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant.

LAUGHLIN, SCOTT, and DOWLING, JJ., concur. INGRAHAM, P. J., dissents.