ROBINSON v. ANSORGE EXPORT CO. (Supreme Court, Appellate Term, First Department. April 14, 1914.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Julius Robinson, doing business as J. Robinson & Co., against the Ansorge Export Company. From a judgment for defendant, plaintiff appeals. Reversed and rendered. Louis J. Schwartz, of New York City, for appellant. Martin Charles Ansorge, of New York City, for respondent.

PER CURIAM. That the defendant was indebted to the plaintiff in the sum of $27.31 was clearly proved upon the trial. This amount was due from the defendant for goods which, it is conceded, the plaintiff delivered to the defendant and which the defendant accepted. Order and judgment reversed, without costs, and judgment awarded for the plaintiff in the sum of $27.31 and disbursements in the court below.

In re ROGERS. (Supreme Court, Appellate Division, Fourth Department. May 13, 1914.) In the matter of the judicial settlement of the accounts of David Rogers, as administrator, etc., of Dilana Crowell, deceased. No opinion. Motion granted, and appeals dismissed, with costs, including $10 costs of this motion.

ROLFFE, Appellant, v. MULFORD et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April 4, 1914.) Action by George H. Rolffe against George S. Mulford and another, as administrators, etc. No opinion. Appeal dismissed, without costs, upon stipulation filed.

ROMANOW v. ROMANOW. (Supreme Court, Appellate Division, First Department. April 9, 1914.) Action by Kiva Romanow against Regina Romanow. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

ROSENTHAL v. BIMSTEIN et al. (Supreme Court, Appellate Division, First Department. May 22, 1914.) Action by Louis Rosenthal against Max Bimstein. L. Epstein, of New York City, for appellant. H. Yarm, of New York City, for respondents.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, on the authority of Abrahams v. Beneke, 155 App. Div. 525, 140 N. Y. Supp. 753. Order filed.

INGRAHAM, P. J., and SCOTT, J., dissent.

ROSENTHAL, Respondent, v. INTERNATIONAL COLLEGE OF LANGUAGES, Appellant. (Supreme Court, Appellate Division, First Department. April 17, 1914.) Action by Edwin F. Rosenthal, as administrator de bonis non, etc., against the International College of Languages. H. W. Smith, of New York City, for appellant. E. J. McGuire, of New York City, for respondent. No opinion. Judgment and orders affirmed, with costs. Order filed.

ROSS et al. v. WACKE et al. (Supreme Court, Appellate Term, First Department. May 14, 1914.) Appeal from Municipal Court, Borough of the Bronx, Second District. Action by Arthur S. Ross and another against Herman Wacke and another. Judgment for plaintiffs, and defendants appeal. Reversed, and complaint dismissed. Stephen O'Brien, of New York City, for appellants. Edward S. Napolis, of New York City, for respondents.

GUY, J. Defendants appeal from a judgment in favor of plaintiffs, entered by the court after a trial without a jury, in an action to recover damages for breach of contract of employment. Plaintiffs were engaged by defendants at a salary of $40 for a four-day theatrical performance of a play produced by plaintiffs. The contract provided that "either party may cancel this agreement after the first performance, without any liability whatsoever, if unsatisfactory for incompetency, vulgarity, inebriety," etc. After the first performance defendants notified plaintiffs that they elected to cancel the agreement because of the vulgarity and incompetency of the performance. The sole question at issue is whether defendants acted in good faith in canceling the contract, and whether such cancellation was made on any of the grounds provided for in the contract. The evidence clearly establishes that the production was inherently vulgar and that defendants acted in good faith in canceling the contract. The judgment must be reversed, with costs, and the complaint dismissed, with costs.

BIJUR and PENDLETON, JJ., concur in result.

ROZWADOW YOUNG MEN'S ASS'N, Respondent, v. LANGWEIL, Appellant. (Supreme Court. Appellate Division, Second Department. April 17, 1914.) Action by the Rozwadow Young Men's Association, a domestic corporation against Samuel Langweil, as President, etc.

PER CURIAM. Motion granted, and order resettled by allowing defendant a further extension of time, upon his filing a bond to pay the damages and costs that have been recovered, less any offset of the costs in the New York action, and also to pay the costs on the appeal, if any be adjudged against him in this court, and case set down for the second week of the May term. See, also, 136 N. Y. Supp. 1065; 147 N. Y. Supp. 1138.

ROZWADOW YOUNG MEN'S ASS'N, Respondent, v. LANGWEIL, Appellant. (Supreme Court, Appellate Division, Second Department. May 15, 1914.) Action by the Rozwadow Young Men's Association against Samuel Langweil, as President, etc. No opinion. Judgment affirmed by default, with costs. See, also, 147 N. Y. Supp. 1138.

RUHLING, Appellant, v. NEW YORK, N. H. & H. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 10, 1914.) Action by Mary Jane Ruhling, as administratrix, etc., of Adolph Ruhling, deceased, against the New York, New Haven & Hartford Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.