(41 Misc. Rep. 31.)

### KELLY et al. v. PRATT et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. ADMINISTRATOR—BREACH OF TRUST.

Where an administrator, having personalty in his hands sufficient to pay taxes imposed on the lands of the estate, permits the city to sell them for nonpayment, and bids them in, and takes from the city in his own name an assignment of the tax lease, he is guilty of an actual fraud.

2. ALIENS—RIGHT TO INHERIT.

Under Laws 1874, p. 317, c. 261, and Laws 1875, p. 32, c. 38, nonresident aliens could inherit land as if they were residents of the United States, as could also the heirs of those who died before as well as after their enactment.

3. LOCAL ACT—CONSTITUTIONAL LAW—TITLE.

Laws 1864, p. 381, c. 191, entitled "An act for the relief of the heirs at law of William C. Herring, deceased," and intended to dispose of land in the city of New York, not described in the statute, devised by William C. Herring to his wife, and which had escheated to the state upon her

death intestate, is a private and local act, in violation of Const. art. 111, § 10, because failing to describe its purpose in the title.

**4. LIMITATIONS—FRAUD—DISCOVERY.**

Under Code Civ. Proc. § 382, subd. 5, descendants of nonresident aliens, entitled to inherit lands under a will, have six years from the time of the discovery of fraud on the part of the administrator, whereby the lands were sold for taxes, and a lease taken by said administrator, to sue the widow of the devisee of the administrator in possession of the lands, and claiming absolute ownership by virtue of the tax lease and adverse possession.

Action by Mary Kelly and others against Agnes J. Pratt and others. Judgment for plaintiffs.

William C. Herring died April 5, 1862, seised of the premises in question. He devised these premises to his widow. She died intestate May 17, 1862, leaving as next of kin three sisters, who were aliens. His will was probated October 14, 1862, and letters of administration were issued to his brother, Thomas H. Herring. The taxes on this property for the years 1861 and 1862 were allowed by the administrator to remain unpaid until October, 1866, when he permitted the property to be sold for nonpayment thereof, notwithstanding the fact that he had ample personal property of the testator with which to pay the same. It was bid in by the city of New York, and on November 2, 1868, Thomas H. Herring paid to the city the sum of $233.67 (being the amount of said taxes, water rates, interest, etc.), and took an assignment of the lease of the property in his own name for 1,000 years. Thomas H. Herring died July 1, 1874, and by his will devised a life use of all his real property to his wife, and upon her decease specifically devised the estate in remainder in said lease to his nephew Elisha H. Pratt, since deceased. Agnes J. Pratt, widow of Elisha H. Pratt, is now in possession of the property, claiming title in fee by adverse possession by virtue of said tax lease and under chapter 191, Laws 1864. Plaintiffs demand possession of the property and an accounting.

George H. Starr and Horace A. Davis, for plaintiffs.

John M. Stoddard and J. Woolsey Shepard, for defendants.

FITZGERALD, J. Honora V. Herring died intestate May 17, 1862, seised of the premises which are the subject-matter of this action. Three nonresident alien sisters—Catherine Donnelly, Mary Brennan, and Bridget Dawley—survived her. At that time nonresident aliens were incompetent to inherit (Laws 1845, p. 94, c. 115), and, there being no other heirs, the property escheated to the state. The intestate had acquired the property by devise from her husband, William C. Herring, whose death preceded hers by a few weeks (April 5, 1862). He had nominated her as executrix of his will, but she had not qualified as such executrix, nor was the will offered for probate until after her death. It was probated October 14, 1862, and testator's brother, Thomas H. Herring, was appointed and duly qualified as administrator with the will annexed. Plaintiffs are the descendants of the surviving alien sisters of the intestate Honora V. Herring, and defendants are, with the exception of defendant Burchard, the persons now living, who, in regard to the property in suit, stand in the shoes of the deceased administrator with the will annexed (Thomas H. Herring), who died July 1, 1874. Prior to the death of William C. Herring (the testator) there was assessed against him upon the realty in question for taxes for the years 1861 and 1862 the amounts of $76.06 for the former and $65.90 for the latter year. These taxes were pre-

ferred debts, payable out of personal property, if sufficient, in the hands
of the administrator. Rev. St. 1131, § 172 (formerly section 27);
Matter of Babcock, 115 N. Y. 450, 22 N. E. 263; Sisters of St. Fran-
cis v. Mayor, 51 Hun, 355, 3 N. Y. Supp. 433, affirmed 112 N. Y. 677,
20 N. E. 417; People v. Commissioners of Taxes, 91 N. Y. 93. These
taxes were, however, suffered to remain unpaid until October, 1866,
when the property was sold for nonpayment thereof and of some un-
paid water rates, notwithstanding that during all this time there was
personal property of the testator's largely in excess of such amount in
the hands of the administrator. On November 2, 1868—or two years
thereafter—Thomas H. Herring, the administrator, paid the city
$233.67, and took in his own name an assignment of the tax lease of
the premises for 1,000 years. This transaction, it will be noted, took
place two days after the expiration of the time within which the owner
might redeem. Laws 1843, p. 223, c. 230, art. 3, § 2.

Numerous adjudications might be cited declaring and emphasizing
the fixed purpose of our courts to prohibit personal dealings by a
trustee with the trust property under his control, and it has been
invariably held that transactions of such a nature should be set aside
for the obvious reason that, where interest as an individual and duty
as a representative conflict, sound public policy requires that all
temptation to neglect duty should be removed. Fulton v. Whitney,
5 Hun, 16, 66 N. Y. 548; Bennett v. Austin, 81 N. Y. 308; Mitchell
v. Reed, 61 N. Y. 123, 19 Am. Rep. 252; Moore v. Moore, 5 N. Y.
256; Lytle v. Beveridge, 58 N. Y. 592; Case v. Carroll, 35 N. Y.
385; Van Epps v. Van Epps, 9 Paige, 238; Forbes v. Halsey, 26
N. Y. 53; Jewett v. Miller, 10 N. Y. 402, 65 Am. Dec. 751. At the
time the tax lease so improperly, as we have seen, procured, was ob-
tained, the title to the realty was in the state, to which it had escheated
on the death of the intestate devisee, and unless previously released by
the state it remained there until after the enactment of chapter 261, p.
317, Laws 1874, and chapter 38, p. 32, Laws 1875, by force of which
statutes nonresidents aliens became entitled to inherit in like manner as
if they were then citizens of the United States. In Wainwright v. Low,
132 N. Y. 313, 30 N. E. 747, it was held that these acts, by their terms,
include within their effect the heirs of those who had died before as
well as after their enactment. This being so, these nonresident alien
sisters of Honora V. Herring, if living—and the proof is that they
were then alive—became seised of the fee, unless the state meanwhile
had divested itself thereof. All three of these sisters died, however, be-
fore the commencement of this action, and the plaintiffs now before
the court are, as above stated, their descendants, claiming, respectively,
such share as the ancestor in each case would, if living, be entitled to
receive. Defendants contend that the state, long before the passage
of the alien enabling acts, supra, had released its title, and, if this
is so, it would, of course, defeat the plaintiffs' claim. The release act,
entitled "An act for the relief of the heirs at law of William C. Herring,
deceased," and known as chapter 191, p. 381, Laws 1864, is relied
upon to establish this contention. This act is clearly a private and
local act, and, if valid, its purpose must be expressed in its title (sec-
tion 16, art. 3, Const.). No reference is made in the title to the fact

that its purpose was to dispose of lands devised to Honora V. Herring, nor is there in the title any reference to the locality in which the property affected is situated. Ruger, C. J., says, in Johnston v. Spicer, 107 N. Y. 202, 13 N. E. 753:

"The manifest intention of the constitutional provision was to require sufficient notice of the subject of proposed legislation of a private or local character to be so expressed in the title as to put not only interested parties, but also all persons concerned in the proposed legislation, upon their guard, and to inform all persons reading it of the general purpose and scope of the act."

The absence from the title of the name of the person whose decease effected the forfeiture was clearly misleading, and by this omission the real object of the act is not described in the manner commanded by the organic law for the purpose of guarding against the evils and mischief which might otherwise arise. People v. Hills, 35 N. Y. 452; Coxe v. State, 144 N. Y. 396, 39 N. E. 400; McCabe v. Kenny, 52 Hun, 514, 5 N. Y. Supp. 678. Within the authority of numerous decisions, this act must be held not to have been a valid disposition by the state of the property which escheated to it upon the death of Honora V. Herring, and any devise or conveyance made by persons claiming thereunder was void.

This brings us to a consideration of the statute of limitations. Concerning this defense, the question arises whether the action falls within the limitations of section 97 of the old Code, followed by section 388 of the present Code of Civil Procedure, that a cause of action accrues when the wrong is committed, and is barred in ten years; or whether, on the other hand, the action falls only within the limitations of subdivision 6 of section 91 of the old Code, followed by subdivision 5 of section 382 of the present Code of Civil Procedure, providing that the cause of action does not accrue until the discovery of the fraud, and must be barred within six years after such discovery. This, in turn, depends upon the question whether the action of Thomas H. Herring in permitting the property of the testator to be sold for nonpayment of taxes and in taking an assignment of the tax lease was an actual fraud or was a constructive fraud, or created a trust resulting to the heirs of the devisee and owner of the property. The facts and circumstances of the case at bar clearly bring it, in regard to the time within which it must have been begun, within the provisions of subdivision 5 of section 382 of the Code of Civil Procedure. The evidence of the time of the discovery of the fraud by the plaintiffs is that their earliest knowledge upon the subject was derived some time in the year 1895, and this action was commenced April 22, 1897. The rule, as stated in Higgins v. Crouse, 147 N. Y. 411, 42 N. E. 6, is substantially that, when facts are known from which the inference of fraud follows, the discovery would be presumed to have taken place when this knowledge of these facts was obtained, and the statute would then begin to run; that, where no fact is known, and no circumstances occur to suggest inquiry, a party owes no duty or diligence to discover a fraud. Baker v. Lever, 67 N. Y. 304, 23 Am. Rep. 117; Baker v. Spencer, 47 N. Y. 562; Brown v. Post, 1 Hun, 303; Decker v. Decker, 108 N. Y. 128, 15 N. E. 307; Gates v. Andrews, 37 N. Y. 657, 97 Am. Dec. 764; Piper v. Hoard,

107 N. Y. 67, 13 N. E. 632, 1 Am. St. Rep. 785; Price v. Mulford, 107 N. Y. 303, 14 N. E. 298. Judgment against the defendants, including defendant Burchard, as executor, whom it is necessary to bring in in order that a full and complete remedy may be had. Settle decision and judgment upon notice.

Judgment accordingly.